\*State v. Mitchell.

(*Nashville.* February 4, 1899.)

1. CORPORATIONS. *Assignment for benefit of stockholders ultra vires.*

A corporation's assignment of its property, pursuant to the direction of its board of directors, for the benefit of its creditors and stockholders, is *ultra vires* and void as to the stockholders, and, therefore, the assignee, and the sureties on his bond, cannot be sued, except in very special cases, directly by the individual stockholders, but only by the corporation, for loss resulting from his negligent and unfaithful performance of duty. (*Post, pp. 338–344.*)

2. SAME. *Shareholder's interest defined.*

The title to corporate property, and therefore the right to sue for it, rests in the corporation, and not, to any extent, in the individual shareholders. The interest of a shareholder in a corporation is an immediate right to receive his proportionate share of dividends as they are declared, and the remote right to his like share of the net effects on hand at the dissolution of the corporation. (*Post, pp. 342–344.*)

Cases cited and approved: Union Bank v. State, 9 Yer., 500; Parker v. Bethel Hotel Co., 96 Tenn., 278; State v. Butler, 86 Tenn., 628.

3. SAME. *Ratification of ultra vires assignment.*

Ratification of an *ultra vires* assignment of the corporate property for distribution among stockholders, cannot be validly effected by the stockholders acting separately as individuals, but only by the action of a quorum at a lawful meeting of the stockholders. (*Post. p. 344.*)

4. SAME. *Effect of refusal to enforce ultra vires provision in assignment.*

To refuse to enforce against an assignee of the corporate property, and his sureties, an *ultra vires* provision in the assignment for distribution of the surplus assets among stockholders, is not to permit the assignee to repudiate his trust,

---

\*This case was decided at the December term, 1898, and the opinion handed down later.—REPORTER.

State *v.* Mitchell.

but rather to permit him to retain the surplus assets for the rightful beneficiary, to wit, the corporation. (*Post, pp. 344, 345.*)

5. SAME. *Right of stockholders to bring suit for corporation.*

As a general rule, stockholders cannot maintain a suit for the use or in the name of the corporation. The exceptions to this rule are (1) where the corporation, or its agents, refuse or neglect to bring a proper suit upon demand; (2) where the proper agents of the corporation are unfit or disqualified to prosecute its rights. But a bill cannot be maintained by a stockholder for the use of the corporation when a majority of the board of directors is competent and qualified to act in the matter, and there has been no demand upon them, or refusal by them, to bring a proper suit. (*Post, pp. 347–350.*)

Case cited and approved: Wallace *v.* Savings Bank, 89 Tenn., 630.

6. CHANCERY PRACTICE. *Bill of exceptions.*

Evidence excluded on the hearing of a chancery cause must be preserved and made part of the record by bill of exceptions if the action of this Court thereon is desired. (*Post, p. 345.*)

7. SAME. *Demurrer to amended bill.*

On demurrer, the original and amended bill, when relating to the same subject-matter, are taken as a unit, hence, any ground of demurrer that has been waived by answering the original bill is not available against the amended bill, unless the amended bill makes a new and different case. And, hence, demurrer to an amended bill reaches defects common to both bills, which have not been waived by answer to the original bill. The sustaining of a demurrer to the new and additional aspects only presented by an amended bill, leaves the original bill intact, especially if it has been answered. (*Post, pp. 345–347.*)

Cases cited: Bradley *v.* Dibbrell, 3 Heis., 522; Hix *v.* Gosling, 1 Lea, 567; Morrow *v.* Fossick, 3 Lea, 129; Dillon *v.* Davis, 3 Tenn. Ch., 395.

---

FROM DAVIDSON.

---

J. C. McReynolds and W. H. Williamson for Complainant.

20 p—22

State *v.* Mitchell.

MORTON B. HOWELL for W. H. Mitchell.

DICKINSON & WALLER, and C. D. BERRY for other Defendants.

McALISTER, J.    The Safe Deposit, Trust & Banking Company, in October, 1893, made an assignment for the benefit of creditors to W. H. Mitchell.    The assignee executed a bond for the faithful performance of his duties, payable to the State of Tennessee in the penalty of $50,000, with personal sureties.

The present bill is filed by a stockholder in said Safe Deposit, Trust & Banking Company against Mitchell and the sureties on his bond, to recover money alleged to have been lost by the negligence and maladministration of the said assignee.    The caption of the bill recites that it is "filed in the name of the State for the use of Mrs. Bettie Lusky, who prosecutes this action for the benefit of the Safe Deposit, Trust & Banking Company and all the stockholders."    The deed of assignment conveys all of the assets of the corporation to the assignee—first to pay creditors and next to distribute any surplus left among the stockholders in proportion to their holdings.

The bill was answered by the defendants, denying all its material allegations.    Proof was taken, and on May 19, 1898, the cause was reached for trial.    After the pleadings were read, counsel for defendants interposed an objection to the reading

of any of the evidence, for the reason that the suit was prosecuted by Mrs. Bettie Lusky, as a stockholder, for and on behalf of the Safe Deposit, Trust & Banking Company, without showing in her bill that the directors of the corporation had ever been requested to bring the suit.

The Chancellor sustained the motion and disallowed the introduction of any proof. Thereupon complainant's counsel, without reserving any exception to the action of the Court, obtained leave to file an amended and supplemental bill, bringing in new parties and making additional allegations.

On May 26, 1898, an amended and supplemental bill was filed, in which E. D. Kennedy, A. J. Cavert, and W. E. Winstead, creditors and stockholders of said corporation were made parties complainant, who, with Mrs. Lusky, the original complainant, proposed to prosecute the bill for themselves and all other creditors and stockholders of the Safe Deposit, Trust & Banking Company.

This amended and supplemental bill alleged that the directors of the corporation had not been requested to bring the bill, for the reason they were so circumstanced in respect of the subject-matter of the litigation that it would be improper for that board to conduct it, and it could not be expected to conduct it in the interest of creditors and stockholders. The disabilities of certain directors were alleged. There was a demurrer to this amended and supplemental bill, assigning sev-

eral grounds. The Chancellor sustained the de-
murrer upon the ground that the suit was not
brought by the corporation, and that no sufficient
excuse was shown for not requiring the corpora-
tion to bring it. The amended and supplemental
bills were accordingly dismissed.

Thereupon, complainant in the original bill moved
the Court to set. the cause for hearing, which
motion was granted, and the cause set for hear-
ing on Tuesday, November 15, 1898. On that
day the cause was taken up, and counsel for
complainants offered to read, in support of the
original bill, the documents and depositions which
on their behalf had been taken and filed, but
which had been excluded on the original hearing
of May 17, 1898. The Court being of opinion
that the banking company was a necessary party,
and that no sufficient excuse was alleged in the
bill for failing to request it to bring the suit,
said original bill could not be sustained, and it
was accordingly dismissed. Complainants appealed
and have assigned errors.

It is insisted on behalf of Mrs. Lusky that
she had such an interest in the deed of assign-
ment as authorized the prosecution of the suit by
her individually. This contention is predicated
upon the clause in the assignment which provides
for the distribution of any surplus, after the pay-
ment of creditors, among the stockholders in pro-
portion to their several holdings. It is insisted

that under this clause such an interest was given Mrs. Lusky as that she became a party to the instrument and one for whose benefit the bond was executed, and that she has a right to maintain a suit upon it to hold the assignee and his bondsmen liable for the default.

The position of defendants is that the board of directors had no right to order an assignment to be executed so as to provide for a distribution of the property of the corporation among the stockholders after the payment of creditors; that such surplus, under the law, would belong to the corporation itself, and not to the stockholders as individuals. The insistence, therefore, is that said clause is void, and that Mrs. Lusky thereby acquired no status to maintain this bill as a stockholder.

The Court of Chancery Appeals held that the act of the directors in ordering a distribution of any surplus of the corporate assets among the stockholders individually, after the payment of creditors, was ultra vires, and that Mrs. Lusky as a separate stockholder had thereby no right to prosecute the bill to call the trustee to account.

We concur with the Court of Chancery Appeals in this holding.

In the first place it may be remarked that Mrs. Lusky did not file the original bill upon the theory that she was a beneficiary under the deed of assignment. The suit was brought in

her relation as stockholder for the benefit of the corporation. The prayer of the bill is "that the recovery be had for the benefit of the Safe Deposit, Trust & Banking Company." But assuming that complainant's suit was originally brought in her capacity as a beneficiary under the deed of assignment, we think the directors had no power to order a distribution of any surplus assets among the stockholders as individuals. It is well settled that the interest of a stockholder in a corporation is the immediate right to receive his share of the dividends as they are declared, and the remote right to his share of the effects on hand at the dissolution of the corporation. *Union Bank* v. *State,* 9 Yer., 500; Cook on Stock, etc., Sec. 12; *Plimpton* v. *Bigelow,* 93 N. Y., 592.

Mr. Thompson, in his commentaries on the law of corporations, sec. 1071, says: "Shareholders are not joint tenants, or in any other sense co-owners of the corporate property, either before or after its dissolution. The title to it rests exclusively in the legal entity called the corporation. A share of the capital stock merely gives the right to partake, according to the amount put into the fund, of the surplus profits of the corporation, and ultimately, on the dissolution of it, to so much of the fund thus created as remains unimpaired and is not liable for the debts of the corporation."

*Parker* v. *Bethel Hotel Co.,* 96 Tenn., 278; *Gibbons* v. *Mahon,* 136 U. S., 557.

It is clear, then, that a stockholder has no right to receive any part of the corporate assets until the expiration of the charter or the dissolution of the corporation, nor can a board of directors authorize by deed of assignment a distribution of corporate assets among the stockholders. Such a power resides alone in the body of stockholders, for if such a power was possessed or could be exercised by the directors, that body could destroy the corporation. But it is well settled that the directors cannot dissolve the corporation, although they may make an assignment of all of the corporate assets for the benefit of creditors. This, however, would not dissolve the corporation.

In *Parker* v. *Bethel Hotel Co.,* 93 Tenn., 252, it was said, viz.: "The dissolution of a business corporation is effected in one of the following ways, to wit: (1.) By the expiration of its charter; (2) by act of the Legislature when power is reserved for that purpose, or there is no constitutional inhibition; (3) by surrender of charter which is accepted; (4) by forfeiture of the franchises and judgment of dissolution pronounced by a Court having jurisdiction. 2 Morawetz on Corporations, Sec. 1004; Taylor on Private Corporations, Sec. 430."

Says Mr. Cook in his work on Stock and Stockholders, Sec. 631, viz.: "There are certain acts

and facts which do not in themselves constitute a dissolution. A dissolution is not effected by a failure to elect officers, nor by a sale and assignment of all the corporate property." *State* v. *Butler,* 86 Tenn., 628.

So that any surplus left remaining after the payment of creditors, secured by the deed of assignment, would still be the property of the corporation, and could not be distributed *pro rata* among the individual stockholders. Hence the complainant acquired no *status* in this case as a beneficiary under the trust assignment that would authorize the filing of the present bill.

It is insisted, however, that no stockholder has ever objected to the provisions of the trust assignment, and hence there is an acquiescence. But we find no facts alleged in the bill which indicate any acquiescence or ratification on the part of the stockholders. Moreover, any ratification of or acquiescence by them in the acts of the directors must be done at a stockholders' meeting by a majority of the stockholders, for in no other way could the surplus be distributed among the individual stockholders, since it belonged to the corporation.

Again, it is insisted that a trustee cannot set up the invalidity of the trust, or of his appointment. We do not understand that such defense is made in this cause. The defendants are merely insisting that they shall not be called to

an account by anyone excepting a beneficiary under the assignment, and they deny that Mrs. Lusky is such beneficiary. Their insistence is that they are responsible alone to the creditors primarily, and to the corporation for any surplus.

It is insisted further, on behalf of complainant, that since no demurrer was filed to the original bill, and the cause was at issue, and proof had been taken, it was error for the Chancellor to exclude the evidence and hold that complainant had no right to maintain the suit. It suffices to say in respect of this objection that complainant did not at the time except to this action of the Court and preserve the objection by bill of exceptions, but immediately obtained leave of the Court to file an amended and supplemental bill, which was accordingly done.

A demurrer was then interposed by defendants to the amended and supplemental bill, which was sustained by the Court. It is insisted by complainant that the demurrer was only to the amended bill, and the effect of sustaining the demurrer was to dismiss the amended bill while the original bill remained in Court.

On demurrer the original and amended bills, when relating to the same subject-matter, are taken as a unit. *Bradley* v. *Dibbrell*, 3 Heis., 522; *Hix* v. *Gosling*, 1 Lea, 567.

In *Tappan* v. *Railroad*, 3 Lea, 106, it was said, viz.: "While it is true that the original

and amended bills are to be taken as one when relating to the same subject-matter, yet the statement of the rule implies the principle that underlies . . . that is, that it be something having connection with and germane to the matter of the original bill." *Morrow* v. *Fossick,* 3 Lea, 111–129.

The general rule is that an amendment of a bill does not enable a defendant who has answered the original bill to demur to the amended bill upon any cause of demurrer to which the original bill was open. 1 Daniel's Chancery Pleading & Practice, Sec. 409.

"It is in consequence of the two bills being considered as one that where the defendant has answered the original bill a demurrer to the new bill, which contains matter already answered, will either be taken from the files as irregular, or considered as overruled by the answer. *Atkinson* v. *Hanway,* 1 Cox, 360; *Ellice* v. *Goodwin,* 3 Myl. & Cr., 653; *Dillon* v. *Davis,* 3 Tenn. Ch., 395. But if the plaintiff so amend his bill as to make an entirely new case, leaving the original bill, as Lord Elden expresses it, *in nubibus,* the answer must be treated as in the clouds also, and a demurrer would be in order." *Ritchie* v. *Aylwin,* 15 Ves., 79; *Cresy* v. *Beavan,* 13 Sim., 353.

It must be conceded that the amended and supplemental bill in this case is an original bill,

in so far as creditors of the banking company are introduced as parties complainant and specific relief sought in their behalf. The original bill expressly conceded that the trust assets were ample for the satisfaction of the claims of all creditors of the banking company, and hence creditors had no interest in the original suit. The amended and supplemental bill was therefore wholly alien to the original bill so far as relief was sought for the benefit of creditors.

The first three grounds of demurrer, which were directed to the claims of creditors as presented in the amended and supplemental bills, were properly sustained; but the action of the Court on this demurrer only affected the amended and supplemental bill, since this subject-matter was not germane to the original bill.

The fourth ground of demurrer challenged the right of a stockholder to maintain such a bill for the use and benefit of the corporation without requesting the board of directors to prosecute the suit. It must be conceded that this ground of demurrer was open to defendants when they answered the original bill, and ordinarily the answer to the original bill would preclude the right to demur to the amended bill for this cause. But the amended and supplemental bill undertakes to allege a state of facts showing the disqualification of the directors to institute or conduct the litigation, and in other respects already mentioned

the amended bill makes an entirely new case. Hence we think defendants were not precluded by their answer to the original bill from demurring to the amended and supplemental bill. But the effect of sustaining the demurrer was simply to dismiss the amended and supplemental bill, which left the original bill still standing. The testimony taken in support of the original bill having been excluded by the Chancellor on the original hearing, without objection, it could not thereafter be read.

The question presented by the fourth ground of demurrer is whether the complainant may maintain this bill as a stockholder without the intervention of the corporation. It does not appear from the recitations of the original or amended bills that any demand was made of the directors to bring this bill. The rule, well settled in this State as elsewhere, is, "that redress for a wrong against a corporation should be obtained by the corporation itself through its regularly appointed agents, and it is only in case the corporation has been dissolved or disabled from proceeding on its own behalf by reason of the misconduct or disability of its agents, that the shareholders may proceed in chancery for the protection of their equitable rights. Hence, the general rule is that such a bill should contain an averment that a demand was made upon the corporate agents to bring the suit, and that it had been refused or neglected." *Wal-*

State *v.* Mitchell.

*lace* v. *Savings Bank,* 89 Tenn.; *Memphis City* v. *Dean,* 6 Wallace, 73.

It is stated in the amended bill that no demand was made upon the directors to sue, and facts are stated which it is insisted excused such demand.

In *Rogers* v. *L. & N. R. R. Co.,* Fed. Rep., Lurton, Circuit Judge, said: "The circumstances may be such that the demand would be an idle form, or the suit of such character that it could not be decently brought or managed by those controlling the corporation. A demand and refusal furnish the best evidence that the corporation is unable to protect the rights of its members, but if the facts were such as to show that such a demand would be an idle ceremony, or the action required be such as that the guilty agents of the corporation ought not to be trusted with the conduct of the necessary suit, none need be made." Morawetz on Private Corporations, Vol. 1, Secs. 241, 242; 2 Pomeroy's Eq., Sec. 1095. The case of *Rogers* v. *L. & N. R. R. Co.* was a suit impeaching the action of a board of directors in leasing a railroad, and the validity of their act was the question to be litigated. In such a case a demand upon the directors to sue would have been an idle ceremony. Cook on Stock and Stockholders, Vol. 2, Secs. 644, 645.

In the case at bar the object of the bill is to call to an account the assignee under the trust

assignment for gross mismanagement of his trust. The cause of action is one that accrues to the corporation for the benefit of. the creditors, and should have ·been prosecuted primarily by the corporation. The Court of Chancery Appeals, in disposing of the alleged disqualification of the directors to act in this matter set out in the amended bill, finds that a majority of said board of directors were not subject to any disqualification. We have reviewed their findings on this subject, and are entirely satisfied with the result reached.

Affirmed.