Evans *v.* White *et al.*

(*Knoxville*, September Term, 1946.)

Opinion filed April 14, 1947.

436

L. H. ALLRED, JAS. G. BARE and J. M. GOUGE, all of Erwin, and E. M. JOHNSTON, of Elizabethton, for plaintiff in error.

TUCKER & ERWIN and FRED D. BOOTH, all of Erwin, for defendants in error.

MR. JUSTICE TOMLINSON, delivered the opinion of the Court.

This is an election contest wherein the contestant, Carmen Evans, asserts title to the office of sheriff of Unicoi County by reason of the general election held on August 1, 1946. The petition filed in Circuit Court admits that upon the face of the official returns the contestee, White, was elected by a majority of thirty-seven, he having received a total of seventeen hundred and seventy-one votes, while contestant received seventeen hundred and thirty-four. A third and only other candidate received thirteen votes. The county election commissioners, whom the con-

testee calls nominal parties, have filed an answer fully denying the allegations of the petition as twice amended. Contestee filed no pleading until after the second amendment to the petition. He then filed his first pleading which he styled ''Motion to Dismiss and/or Demurrer of Paul White''. It is, in fact, a demurrer. The Court overruled this demurrer on October 23, 1946 and required contestee to answer. No leave to rely on the demurrer upon the hearing was given him. Contestant filed a detailed answer in which he fully denied all of the material allegations of the petition. This answer makes no reference to his demurrer which had been overruled. Thus, the issues made were put to proof. The cause then came on on December 5, 1946 ''upon the regular call of the docket''. At this time contestant by oral motion further amended the petition by striking therefrom two immaterial allegations. Then the contestee renewed his demurrer; again calling it a ''Motion to Dismiss''.

The first ground of the demurrer which had been overruled on October 23, 1946, is as follows:—

''Because the bill, as amended, seeks to have declared void the votes cast for Sheriff in the 4th, 5th and 7th Civil Districts of Unicoi County. The votes in these Districts, or any one of them, are sufficient to change the result of the election had the voters in said District, or Districts, voted one way, and therefore, would render the whole election void. This suit is for the sole purpose of recovering the office of sheriff, and contestant could not have been legally elected if, as alleged by him the whole election is void''.

The final order entered December 5, 1946 sustaining the demurrer and dismissing the petition recites the following occurence:

''At the conclusion of the reading of said bill, as amended, defendants, through counsel, moved to dismiss the suit, because:

''1st. The record shows upon its face that this is an action by the contestant seeking to recover from the contestee, Paul White, the office of Sheriff of Unicoi County.

''2nd. Because the petition, as amended, both in the record and by statements of counsel during the course of the reading of the petition, alleges that the entire vote cast in the seventh civil district of Unicoi County is utterly void because of bribery and fraudulent practices, and the petition shows upon its face that the contestee, White, was certified as being elected to the office of Sheriff of Unicoi County by a plurality of 37 votes over the contestant Evans, and the petitions show upon their face that in the seventh civil district of Unicoi County a total of 226 votes were cast, and, the contestant, by his pleadings and amendment at the bar, to have said seventh district and the vote cast therein said election to be declared void, then, since there was a sufficient number of votes cast in said seventh district to change the result of the election, the contestant, as a matter of law cannot maintain his action.

Contestant resisted this motion on the ground that it simply presented for reconsideration that demurrer of contestee, White, which the Court had previously overruled and after which White had filed answer and that the Court was bound by its previous ruling thereon and could not redetermine the question.

The record shows at this point the following occurrence:—

''The Court: What is the difference in the way those were presented and now, those presented on demurrer?

"Mr. Erwin: If your Honor please, there were certain answers and certain records showing the total number of votes cast which were not before the Court at that time. The record was not as it is now, nothing before you to show that if all the voters in the seventh district voted one way would change the entire election, thereby under the law, making the election void, and that fact was not in the pleadings which your Honor could consider at that time."

Thereafter the Court heard counsel for contestant in resistance to this motion on the ground hereinabove stated and then sustained the motion, dismissed the suit and taxed the contestant and his sureties with the costs.

Counsel for contestee was mistaken in his statement to the Court that "the record was not as it is now, nothing before you to show that if all the voters in the seventh district voted one way would change the entire election", when the Court was considering the demurrer. As a matter of fact, the petition as amended without specification as to number more than fairly showed at the time of the filing of demurrer and the overruling thereof on October 23, 1946 that if all the voters in the Seventh District voted one way it could change the entire election in this contest wherein contestee had received only a majority of thirty-seven over contestant in a total of thirty-five hundred and five votes cast for these two candidates for sheriff.

The second amendment to contestant's petition filed on August 31, 1946 alleged that eighty-eight people illegally voted in the Seventh District. There were in addition to a number of others specified in the original petition as having voted in that district. The demurrer, also styled a motion to dismiss, filed on September 9, 1946 and overruled by the Court on October 23, 1946, was, of course,

to this amended petition which affirmatively showed the casting of these eighty-eight votes and others in the Seventh District. Therefore, the statement of counsel for contestant that there was nothing before the Court when that demurrer was overruled on October 23, 1946 to "show that if all the voters in the seventh district voted one way would change the entire election" is necessarily an erroneous statement. Reference to the demurrer of contestee filed on September 9, 1946 specifically makes the point as heretofore pointed out that the votes cast for sheriff in the Fourth, Fifth and Seventh Districts "or any one of them" are sufficient to change the results of the election had they all voted one way, and the Court expressly overruled that demurrer.

It necessarily follows that the Circuit Court when the cause came on for hearing on December 5, 1946 sustained the demurrer which it had previously overruled on October 23, 1946, and in which order overruling the same no leave was given to rely upon the demurrer on the hearing of the cause; and sustained this demurrer after there had been filed on November 22, 1946 the answer of demurrant, contestee, and which answer makes no reference to the demurrer or any statement that he was not waiving it.

The contestant's assignment of error directed to this action of the Court is as follows:—

"The Court erred in sustaining the oral motion of the defendant on December 5th, 1946, to dismiss the suit on the ground that petitioner had alleged that the entire vote of the Seventh Civil District of Unicoi County was utterly void, because there were enough votes cast in said Seventh District to change the result of said election,"

■ As hereinbefore noted, the oral amendment moved and allowed at the hearing made no change in the substance of the amended petition demurred to or as to the grounds of demurrer. This oral amendment, therefore, is of no effect in the determination of the question raised by the above quoted assignment of error.

■ ''The general rule is that an amendment of a bill does not enable a defendant who has answered the original bill to demurrer to the amended bill upon any cause of demurrer to which the original bill was open.'' *State* v. *Mitchell*, 104 Tenn. 336, 346, 58 S. W. 365, 367.

■ The rule applicable to this assignment of error is stated in Gibson's Suits in Chancery, Third Edition, page 273 as follows:—

''If, however, a demurrer is overruled without leave to rely on it, such a ruling is final, and the Chancellor is, bound by it, and cannot redetermine the question, and sustain the demurrer, at the hearing.''

In the case of *Boyd* v. *Sims,* 87 Tenn. 771, 11 S. W. 948, this exact question was presented with the exception of the fact that proof had been taken. That exception only emphasizes, but does not change the principle. In that case the Court held:—

''We are of the opinion that the Chancellor, in assuming the right to redetermine the question of the demurrer, was in error. If a demurrer is overruled without leave to rely on it in the answer, as was this, so far as the question involved in it is concerned, it should be treated by the chancellor as settled, and the cause heard and decided on the merits as prepared for hearing by the parties . . . . . This has been so often determined, it is not necessary to refer to cases. We only notice this question here, however, to settle it and avoid its recurrence in practice.'' 87 Tenn. at page 774, 11 S. W. at page 948.

That case states the law as it now is.

Section 10476 of the Code, and being a statute first enacted in 1801, provides as follows:—

"Upon a demurrer argued and overruled, no other demurrer shall be received, but the defendant shall answer the allegations of the bill; and, in case he fails to do so by ths next rule day, or by the time prescribed by the court, the bill may be taken for confessed, or answer enforced by contempt, as if no such demurrer had been filed."

██ The authorities referred to make it necessary to sustain the hereinbefore quoted assignment of error, since section 10654 of the Code does not apply. That section provides:—

"No verdict or judgment shall be set aside . . . for error in acting on any pleading, demurrer, or indictment, or for any error in any procedure in the cause, unless in the opinion of the appellate court to which application is made, after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has affected the results of the trial."

██ This Court has held that "the act of 1911 (above code section) is to be invoked only where this court can look to the merits of the controversy". *Hickerson v. State,* 141 Tenn. 502, 506, 213 S. W. 917, 918. Since this case has been put to proof, we cannot, of course anticipate the proof and look to the merits of the controversy.

Reversed and remanded for further appropriate proceedings. The costs of the appeal are adjudged against defendant-in-error Paul White. All costs of the lower Court will await final determination of the cause.

All Justices concur.