HARPETH VALLEY UTILITIES DISTRICT OF DAVIDSON AND
WILLIAMSON COUNTIES and Steel City Construction Company for the use and benefit of the United States Fidelity and Guaranty Company

*v.*

JAMES P. DUE and JAMES H. CAMPBELL, partners, d/b/a Campbell and Due Contractors, or Campbell and Due Construction Company.

465 S.W.2d 353.

(*Nashville,* December Term, 1970.)

Opinion filed March 1, 1971.

Petition for Rehearing Denied April 5, 1971.

GOODPASTURE, CARPENTER, WOODS & COURTNEY, Nash-fille, for complainants-respondents.

J. SHELBY COFFEY, JR., Columbia, for defendants-petitioners.

MR. JUSTICE McCANLESS delivered the opinion of the Court.

Harpeth Valley Utilities District of Davidson and Williamson Counties filed their bill for the use of United States Fidelity and Guaranty Company against James P. Due and James H. Campbell, partners, doing business as Campbell and Due Contractors, or Campbell and Due Construction Company. From a decree for the defendants the complainants appealed to the Court of Appeals, who, by a divided Court, reversed the Chancery Court and from their decree the defendants have filed a petition for the writ of certiorari which we have granted. For convenience and clarity we shall refer to the parties as the complainant and the defendants, respectively.

The facts which gave rise to this suit, and about which there is no serious dispute, are these:

The complainant contracted with Steel City Construction Company to install a water distribution system, Steel City Construction Company, in turn, entered into a sub-contract with the defendants. The sub-contract contained the following provision:

"Indemnity agreement: the Subcontractor covenants to indemnity and save harmless and exonerate the Contractor and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the Subcontractor, its employees, agents or its subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of the Subcontractor, whether or not due in whole or in part to conditions, acts or omissions done or permitted by the Contractor or Owner."

Persons brought suits for damages against the complainant and the defendants by which the plaintiffs

therein sought recoveries for death, personal injuries and property damages which they alleged resulted from the removal by the defendants of a sign at a highway intersection. The complainants demanded of the defendants that they defend the damage suits and hold the complainants harmless from the claims therein asserted in accordance with the indemnity provision in the subcontract, above quoted. The defendants failed to defend the damage suits and upon such failure the complainant's insurer, United States Fidelity and Guaranty Company, employed attorneys to defend them and it is to recover the fees and expenses of the attorneys that the complainants brought this suit.

The defendants interposed a demurrer to the complainant's bill which the court overruled. The defendants then answered, testimony was introduced, and when the court heard the case on the merits the Chancellor dismissed the bill for want of sufficient evidence. The complainant appealed and the Court of Appeals in reversing the Chancery Court held that the decree overruling the demurrer became the law of the case and that the defenses made by their demurrer no longer were available to the defendants. The Court of Appeals found that the complainant was entitled to a recovery and awarded a decree against the defendants for the amount of the fees and expenses paid by the insurer of the complainant to the complainant's attorneys for their services.

The defendants in support of their petition for certiorari have assigned errors, as follows:

(1) The Court of Appeals was in error in holding that it was without authority to reexamine the merits of the cause de novo but was bound by the preliminary

action of the Chancellor overruling the demurrer. We sustain this assignment of error. With the defendants' answer they include the grounds on which they had relied in their demurrer and these grounds were subject to review by the Court of Appeals and now by us. Judge Felts in his opinion in *Third National Bank in Nashville v. Carter*, 31 Tenn.App. 520, 218 S.W.2d 66, said:

"It is said for the bank that the Chancellor overruled the demurrers without granting appellants leave to rely upon the demurrers in their answers and that this ruling was final and is not now open to review. It is true it was final and binding upon the Chancellor. Upon appeal, however, it is open to review by the appellate courts. Gibson's Suits in Chancery, 3d Ed., sec. 315; *Boyd v. Sims*, 87 Tenn. 771, 774, 11 S.W. 948; *Evans v. White et al.* 184 Tenn. 435, 441, 201 S.W.2d 207."

■ (2) The defendants by their second assignment averred that the Court of Appeals erred in holding that the complainants were entitled to recover the attorney's fees under the indemnity agreement above quoted. It is our opinion, and we hold, that under the facts of the case and because of the neglect of the defendants to protect them from liability it became necessary for the complainants and their insurer to engage the services of attorneys to protect their interest in the damage suits that had been filed against them.

Our Court in *City of Bristol v. Bostwick*, 146 Tenn. 205, 240 S.W. 774, said:

"The language of the bond assuring the city indemnity is plain, broad, and unambiguous; it is an undertaking by the surety, for compensation, to hold the city harm-

less against claims of every description incurred in suits or otherwise growing out of the prosecution of the work. That the city rightfully brought suit to enforce the obligations of the defendants has been determined, and it is clear that the bond is sufficiently comprehensive to include the fees of counsel incurred by the city in good faith and made necessary by reason of the default of the contractor for whose faithful performance the surety stood bound.''

The indemnity agreement on which the complainants rely and which is the basis of their suit is broad enough to include the right to recover the attorneys' fees which the defendants' refusal to act made it necessary for the complainants to incur. We overrule this assignment of error.

(3) We consider that the third assignment of error in which the defendants except to the action of the Court of Appeals in holding that the complainant's insurer was subrogated to the rights of the insured need not be noticed in view of our treatment of the other assignments.

(4) The defendants have assigned as error the amount of the judgment and decree of the court awarded the complainants and against them. We find that the amount of the fee was $1,750.00 and the expenses incurred were $234.70, a total of $1,984.70 for which we award a decree in favor of the complainants and against the defendants with interest from April 5, 1966, the date of the filing of the bill, and the costs of the cause including the costs of the appeal.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.