John C. **KIMBROUGH and Mary Ann Vollmer, Executors of the Estate of Ruby Gee Kimbrough, Deceased, Plaintiffs–Appellants,**

v.

**UNION PLANTERS NATIONAL BANK, Defendant–Appellee.**

Supreme Court of Tennessee, at Jackson.

Jan. 3, 1989.

Wilbur C. Ruleman, Jr., Memphis, for plaintiffs-appellants.

James W. McDonnell, Jr., Thomas J. Walsh, Jr., Memphis, for defendant-appellee.

## OPINION

HARBISON, Chief Justice.

Prior to the litigation in the present case, the beneficiary of a revocable *inter vivos* trust sued appellee, the former trustee, for negligence and improper administration of the trust estate. The suit was brought in 1977, two years after the trust had been revoked by the settlor, who was also the income beneficiary.

A jury verdict was returned in favor of the trustee in 1982, exonerating it of any negligence and resolving the issues in its favor. Essentially the theory of the suit, as reflected in a copy of the complaint filed in the present case, was that the bank was negligent and imprudent in retaining its own stock in the trust and in not disposing of the stock in view of a declining market.

Judgment was entered upon the jury verdict in favor of the trustee, and no appeal was taken.

The settlor of the trust died prior to trial of the earlier litigation. The former trustee then filed the present claim against her estate for its attorneys fees and expenses in defending the former action which had been brought by her and by beneficiaries of two other similar trusts. The probate court allowed a portion of the attorneys fees and expenses claimed, and the Court of Appeals affirmed. After consideration of the issues, we reverse and dismiss the claim.

One of the principal contentions of the executors of the estate of the settlor and trust beneficiary is that the claim of the former trustee for fees and expenses was a compulsory counterclaim which was required to be asserted in the former litigation. T.R.C.P. 13.01. The courts below disagreed with that contention. Under our disposition of the case, we do not find it necessary to decide that issue, and it is pretermitted.

Essentially the executors contend that there is neither a statute, rule of law or equity, nor contractual provision requiring the settlor and income beneficiary to reimburse the former trustee under the circumstances of this case. The former trustee cites and relies upon numerous authorities, which are too well-settled to require extended discussion here, that a trustee may, in the discretion of the court, recoup its attorneys fees and expenses incurred in the successful defense of a claim of breach of fiduciary duty or improper administration of the trust. An award of fees and expenses is not automatic or a matter of right in every case where the trustee prevails. All of the circumstances must be considered. *See generally* Bogert *Trust & Trustees* § 809 (2d ed. rev. 1982); III Scott, *Law of Trusts* § 188.4 (4th ed. 1988); Annot. 9 A.L.R.2d 1132, 1211 (1950). In such cases the trust fund generally is in existence when the litigation occurs. The theo-

ry of recovery, when permitted, usually is that in incurring fees and expenses, the trustee protects the trust estate. Ordinarily the trust assets are available from which to award such fees and expenses.

That is not the situation here. The trust had been properly and legally revoked according to its terms in 1975. The corpus of the trust had been returned to the settlor. There is no claim that the revocation was a ruse or part of a fraudulent or spurious scheme on the part of the settlor to obtain the assets and then sue the trustee for improper administration. No such claim was asserted by the former trustee in the present case, nor was there any evidence introduced to that effect. Had such a claim been established, we would have no hesitancy in upholding the courts below in allowing the former trustee's fees and expenses against the former beneficiary, assuming them to have been otherwise appropriate.

The record of the first trial against the trustee was not filed as an exhibit in the present case. It was not before the probate court and is not available to us. Some of the pleadings were filed and one of the trust officers of the appellee described briefly the nature of the earlier suit. In filing its claim in the present case, the former trustee asserted that the earlier claim was frivolous and totally without merit. Again, however, there is no evidence to that effect in the present record. The record does show that the action terminated favorably for the bank and that the jury answered favorably to it the single issue propounded separately as to each of the three trusts involved. There was no finding in the former case, however, that the action was frivolous or totally without merit as alleged. The trustee was not awarded a directed verdict. Indeed the trust officer testifying in the present case stated that the plaintiffs in the former action did call at least one expert witness who testified that the action of the trustee in retaining its own stock in the face of a declining market was imprudent.

Essentially the first case was a negligence action defended by the bank at a time when there was no trust corpus in existence and no fund in the custody of the court out of which fees and expenses could be paid. There may be circumstances under which a beneficiary could be personally liable to a former trustee after termination of the trust for fees and expenses in connection with litigation which was either fraudulent, totally frivolous or a malicious abuse of civil process. Again, however, that is not shown to be the situation here.

The probate court in this case was not the court which heard the earlier case. There was very little evidence offered in the present record as to the merits of the earlier case except that the trustee prevailed. Appellee seems to contend that an award of its fees and expenses follows as a matter of course, but that is not accurate. It had the burden of proof to establish its entitlement, especially since it was presenting the matter to a different tribunal from that which heard the original case.

In the absence of a statute or contractual provisions for indemnification or some recognized ground of equity, there is no right to have attorneys fees paid by an opposing party in civil litigation. *See State v. Thomas*, 585 S.W.2d 606, 607 (Tenn.1979) and authorities cited therein; *see also Marshall v. First National Bank of Lewisburg*, 622 S.W.2d 558 (Tenn.App.1981). The general rule was stated by the Court of Appeals in the case of *French v. Appalachian Electric Co-operative*, 580 S.W.2d 565, 571 (Tenn.App.1978) as follows:

> Attorneys fees cannot be awarded to litigants when there is no property or funds before the court which have been protected or preserved out of which attorneys fees can be paid. *Gillespie v. Federal Compress and Warehouse Co.*, 37 Tenn.App. 476, 265 S.W.2d 21 (1953); *Pierce v. Lawrence*, 84 Tenn. 572, 1 S.W. 204 (1886).

The court there repeated the rule stated in numerous cases from this state:

> Our public policy is opposed to the allowance of counsel fees of the successful party against the defeated party when there is no property in court.

In the present case, the general rule was recognized in the majority opinion of the Court of Appeals. That court found certain language in the trust instrument, however, upon which it primarily upheld the award of attorneys fees. The trust instrument had incorporated trust powers enumerated in T.C.A. § 35–50–110(5)–(32). Among these the trustee was empowered to bring and prosecute or to defend actions at law or in equity for the protection of the assets or interests of the estate or for the protection or enforcement of the trust. It was also empowered to employ attorneys, accountants, or other persons as necessary in the judgment of the trustee to advise or assist in the discharge of its duties or in the conduct of any business held in the estate or in the management, maintenance, improvement, preservation or protection of any property of the trust estate or of the exercise of any powers vested in the trustee. T.C.A. § 35–50–110(22) and (23).

The majority of the Court of Appeals held that the trustee acted "in accordance at least with the spirit of the provisions of the trust" in employing attorneys to defend the earlier litigation. Nevertheless, the trust at that time no longer existed. It had been terminated in 1975, and the former litigation did not commence until 1977. The trustee could not have been acting under any powers in the trust instrument when it defended the earlier litigation.

More plausible to us, but not controlling, is the fact that the settlor and her son expressly retained the power in the trust instrument to direct investments. The trust instrument stated:

> Trustee does not have to inquire into the reasonableness or propriety of the exercise of this right, and shall be fully protected in making a directed investment.

Had the former litigation been maintained upon a theory that the trustee had improperly invested in the bank stock, in our opinion the foregoing provisions of the trust instrument would protect the trustee and would entitle it to indemnification, including costs and fees, in defense of any claim of improper investment. *See generally Harpeth Valley Utilities District of Davidson and Williamson Counties v. Due*, 225 Tenn. 181, 465 S.W.2d 353 (1971), enforcing a provision of a contract where the indemnitor agreed to "save harmless and exonerate" the indemnitees.

There is no evidence in the present record, however, that the former suit was predicated upon a theory that the trustee had breached any duty in connection with making a directed investment. It does appear that the settlor and her son had directed the bank to purchase shares of the bank's stock as part of the corpus. The bank declined. The settlor then partially revoked the trust, used the proceeds to purchase shares of bank stock, and then delivered these to the bank to be held as part of the trust corpus. In our opinion, if the previous claim had been predicated upon that 1969 transaction the bank would be entitled to indemnification here.

The former suit, however, was predicated upon misjudgment or impropriety of the bank in retaining the stock on August 9, 1974, when the market price for the shares was declining. There is no evidence that the settlor or her son directed the bank to continue to hold the stock. The bank cites no other provision of the trust instrument upon which to base any claim for indemnification.

The bank prevailed in the earlier case after a jury trial on controverted evidence as to its administration of the trust. It did not request the court, which heard all of the evidence in that case and which was familiar with all of the circumstances, to award its fees and costs. Instead it presented the claim to a different tribunal on a very brief record which established only that the trustee prevailed in the earlier case against the claims of the beneficiaries of three separate trusts. There is no material evidence in this record that the prior action was instituted maliciously or without any legal foundation. *Cf. Peerman v. Sidicane*, 605 S.W.2d 242 (Tenn. App.1980) (malicious abuse of civil process). No contractual or statutory basis for indemnification has been established. There was no ongoing trust relationship between the bank and the estate of the former

beneficiary when the first case was tried or when the present claim was made.

We find nothing in the record to take the present case out of the general rule that a successful litigant may not recover attorneys fees against an opposing party in civil litigation. Accordingly the judgments of the court below are reversed and the cause is dismissed at the cost of appellee. The cause will be remanded to the probate court for any further proceedings which may be necessary.

FONES, COOPER and DROWOTA, JJ., concur.

This case was originally assigned to Chief Justice BROCK for preparation of the Opinion. He retired, however, after oral argument and did not participate in the final disposition of the case.