IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 19, 2008 Session

# WILLIAM C. HOLCOMB and HOLCOMB COMPANY v. EDGAR CAGLE, JR.

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 06-0923, Part 2   Hon. Howell N. Peoples, Chancellor**

---

**No. E2007-01892-COA-R3-CV  - FILED APRIL 21, 2008**

---

In this action for termination of lease and damages due to alleged breaches, the Trial Court terminated the lease and awarded damages. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J. and SHARON G. LEE, J., joined.

John P. Konvalinka and Thomas M. Gautreaux, Chattanooga, Tennessee, for appellant, Edgar Cagle, Jr.

Joseph G. DeGaetano, Chattanooga, Tennessee, for appellees, William C. Holcomb and Holcomb Company.

**OPINION**

In this action for breach of lease, plaintiffs/landlord alleged defendant/tenant was responsible for paying real property taxes on the leased premises, and had failed to pay same for 2004 and 2005, which was a breach of the lease, and caused penalties and interest to accrue. Further, that plaintiffs had incurred costs of over $40,000.00 in making the necessary payments to stop the proceedings for the County to sell the property for back taxes.

Plaintiffs further alleged that defendant had the right to reimburse the plaintiffs for

the required payments and avoid the termination of the lease, but failed to do so. Further, that defendant had failed to maintain liability insurance as required, and this also constituted a breach of the lease.

Defendant Answered, admitting he received notice of the non-payment of the real estate taxes, but that he offered to reimburse plaintiffs for the same, and admitted that he did not pay the property taxes within 30 days of receiving the written notice of default, but stated that under Paragraph 16 of the lease, this failure did not constitute a forfeiture of the lease.

Both parties filed Motions for Summary Judgment. Defendant attempted to amend his Answer, which the Trial Court overruled on the grounds that it was filed too late, as it was filed on May 31, 2007, after the Court granted summary judgment on May 14, 2007. The Court's Order stated the hearing was held on May 14, 2007, on the pending summary judgment motions, and they were both granted in part.

The Court found that Paragraph 15 of the lease provided the plaintiffs with the right to terminate the lease for non-payment of rent. The Court found that Paragraph 16 provided that if defendant defaulted in any of his other obligations under the lease, plaintiffs could expend their own funds to cure same, and then deem said amounts of additional rent, to be due on the next day rent was customarily due, provided that plaintiffs performed certain obligations. Those obligations were that plaintiffs give defendant notice of his default and allow him 90 days to cure the same, that plaintiffs cure the default by paying any amounts owed by defendant, and that plaintiffs give notice to defendant that the amount expended was deemed to be additional rent. The Court found that plaintiffs performed all of these obligations, and that defendant thus owed additional rent to plaintiffs for the property taxes paid by plaintiffs. The Court found that plaintiff had 30 days from July 3, 2006 to pay said additional rent, but failed to do so. The Court concluded that plaintiffs were entitled to terminate the ground lease pursuant to Paragraph 15, and awarded damages to the plaintiffs in the amount of $37,840.14 for the taxes, interest, and penalties. Defendant has Appealed, and raised these issues:

1.      Whether the Trial Court erred in its interpretation of the ground lease?

2.      Whether the Trial Court erred in denying appellant's motion to amend his answer?

3.      The plaintiff raised the issue of whether the Trial Court erred in determining that the ground lease did not allow plaintiffs to recover their attorneys fees and expenses in this litigation?

Defendant argues that the Trial Court misinterpreted the provisions of the subject lease, and should not have terminated the lease. Paragraph 15 of the lease states:

If Tenant shall default in the payment when due of the rent <u>herein designated,</u>

-2-

Landlord shall forward written notice of such default to Tenant and any mortgagee or trustee, and the failure of Tenant to cure such default within thirty (30) days after the date of receipt of such notice shall at the option of Landlord be deemed a forfeiture of this Ground Lease. (Emphasis supplied).

Paragraph 16 states:

If Tenant shall default in the performance of any other of the terms or provisions of this Ground Lease (other than the payment of rent), and Tenant shall fail to cure such default within ninety (90) days after receipt of such notice, or if the default is of scuh[sic] a character as to require more than ninety (90) days to cure and if Tenant shall fail to use reasonavle[sic] diligence in curing such default, Landlord may cure such default for the account and at the cost and expense of Tenant and the sum so expended by Landlord shall be <u>deemed to be additional rent</u> and on demand shall be paid by Tenant on the day when rent shall next become due and payable. In no event, however, shall any default under the terms of this paragraph be the basis of a forfeiture of this Ground Lease or otherwise result in the eviction of the Tenant or the termination of this Ground Lease. (Emphasis supplied).

As this Court has previously recognized:

The interpretation of a written agreement is a matter of law and not of fact. Therefore, our review is *de novo* on the record with no presumption of the correctness of the trial court's conclusions of law.

\* \* \*

The cardinal rule for interpreting contracts is to ascertain the intention of the parties and to give effect to that intention consistent with legal principles. To determine intent, the court may look to the facts and circumstances surrounding the execution of the agreement as well as the parties' admissions. In construing contracts, the words expressing the parties' intention should be given their usual, natural, and ordinary meaning. In the absence of fraud or mistake, a contract must be interpreted and enforced as written, even though it contains terms which may seem harsh or unjust.

*Wills & Wills, L.P. v. Gill*, 54 S.W.3d 283, 286 (Tenn. Ct. App. 2001)(citations omitted).

Paragraph 15 discusses what is to be done in the event the tenant does not pay his rent timely, and then states that the landlord has the option of declaring a forfeiture of the lease if the tenant fails to cure the default within the allotted time frame. Paragraph 16, identifies other defaults in any other provisions of the lease, and specifically states "other than the payment of rent", and details the notice required of the landlord and how the default can be cured. The paragraph states

that the landlord can cure the default and charge any sums expended in curing said default as additional rent. Defendant argues, however, and relies on the provision that "In no event, however, shall any default under the terms of this paragraph be the basis of a forfeiture of this Ground Lease or otherwise result in the eviction of the Tenant or the termination of this Ground Lease."

As we have noted, the Trial Court found the lease provided for amounts expended by the landlord to be treated as "additional rent", if the proper procedures were followed. The Court found that since the proper procedures were followed, the sums expended by the landlord for property taxes and interest could be deemed[1] "additional rent" pursuant to the lease, and formed the basis for termination of the lease under Paragraph 15 for nonpayment of rent. We agree with this interpretation, because Paragraph 15 clearly states "if tenant shall default in the payment, when due, of the rent herein designated" and Paragraph 16 clearly designates if the defendant fails to cure the other breaches the plaintiff may pay and it then becomes rent due. The provision under 16 that states that default under that paragraph is not a basis for forfeiture of the ground lease is an enforceable provision until the circumstances in fact establish that any payment by the landlord under this paragraph is deemed to be rent. We affirm the Trial Court on this issue.

Defendant also argues that the Trial Court erred in denying his Motion to Amend his Answer, finding that it came too late. The Motion to Amend was filed after summary judgment had been granted, and as plaintiffs point out, this is similar to the situation found in the case of *Moody v. Hutchison*, 2007 WL 2700060 (Tenn. Ct. App. Sep. 17, 2007), where the plaintiff sought to amend her complaint after all other issues had been dealt with, and only the question of attorneys' fees remained. This Court stated:

> The grant or denial of a motion to amend the pleadings in accordance Tenn. R. Civ. P. 15.01 is within the sound discretion of the trial court, and "[o]nce decided, such matters are seldom adversely reviewed on appeal unless abuse of discretion has been shown...."
>
> The applicable standard is as follows:
>
> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.
>
> In this case, there has been no showing of abuse of discretion. As we have previously recognized that when an amendment is sought after a lawsuit has been pending for a considerable period of time, there is a greater threat of prejudice to the other party

_____

[1][D]eemed as "being something that it is not or possessing certain qualities that it does not possess". A Dictionary of Modern Legal Usage, 2d. Ed. Oxford University Press.

and delay, especially where the sought amendment will add new claims and cause discovery to be reopened. At the stage of the litigation when this amendment was sought, the only remaining issues basically had to do with attorney's fees, as the substantive issues regarding the disclosure of documents had been litigated. We hold the Trial Court did not abuse its discretion in disallowing the amendments.

*Id.* (citations omitted).

In this case, the trial court denied the motion as untimely, and noted that defendant had not established that the bank had actually satisfied the obligation by paying the money owed.[2] Moreover, there is no question that notice of default was sent to the mortgagee, and the defendant admitted the same in his Answer. Thus, the defendant did not establish that the Trial Court abused its discretion in denying his motion to amend.

Plaintiffs argue the Trial Court erred in finding that the Ground Lease did not authorize plaintiffs to recover their attorneys' fees and expenses associated with this litigation. The Trial Court found that the plaintiffs could recover their attorneys' fees and expenses associated with the tax proceeding with the County, but not in this litigation with defendant, based on the provisions of the lease. Plaintiffs cite to Paragraph 17 of the lease which provides that defendant is to indemnify and hold plaintiffs harmless from "any cost, loss, damage or expense arising solely out of any failure of the Tenant to comply with any of the requirements or provisions of th[e] Ground Lease." The Court ruled that based upon this provision and the Court's understanding of *Harpeth Valley Utils. Dist. of Davidson and Williamson Counties v. Due*, 465 S.W.2d 353 (Tenn. 1971) and *Linden v. American Storage Park*, 1990 WL 6836 (Tenn. Ct. App. 1990), an indemnity provision such as this one would only authorize the recovery of fees and expenses incurred in connection with a dispute with some third party, rather than a dispute between the landlord and tenant.

In the *Harpeth* case, the Supreme Court allowed the plaintiffs to recover their attorneys' fees from the subcontractor incurred in defending lawsuits filed against them by third parties, when the subcontractor had agreed by contract to defend such suits and indemnify the plaintiffs from any liability. *Id.* at 354-355. The Court discussed that where the language of the indemnity clause was sufficiently broad, it would be deemed to include attorneys' fees incurred and made necessary by the default of the indemnitor in defending a lawsuit brought by a third party. *Id.* By contrast, this Court has recognized that attorneys' fees will not be recoverable in a suit between the parties to a contract to simply enforce the provisions of the contract, unless the language of the contract expressly allows for attorneys' fees to be recoverable. *See Pinney v. Tarpley*, 686 S.W.2d 574 (Tenn. Ct. App. 1984); *Linden v. American Storage Park*, 1990 WL 6836 (Tenn. Ct. App. Jan. 31, 1990); *Hewgley v. Vivo*, 1997 WL 92077 (Tenn. Ct. App. Mar. 5, 1997).

---

[2]This lease required notice to the mortgage holder that there had been a default.

Tennessee follows the "American rule" with regard to attorneys' fees, and will not allow such fees to be shifted unless there is an express provision in a contract, statute, or some other equitable ground. *See Hewgley*, *supra.* The lease in this case does not explicitly provide for the recovery of attorneys' fees in enforcing its provisions, and we find no basis to award attorney's fees. We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the defendant, Edgar Cagle, Jr.

_____
HERSCHEL PICKENS FRANKS, P.J.