FORD MOTOR COMPANY, Plaintiff-Appellee,

v.

W. F. HOLT & SONS, INC., Defendant and Third-Party Plaintiff-Appellant,

v.

BRISTOL STEEL AND IRON WORKS, INC., Third-Party Defendant-Appellee.

No. 71–1368.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 1971.

Certiorari Denied April 17, 1972. See 92 S.Ct. 1502.

W. E. Herod, Nashville, Tenn., Manier, Crouch, White & Herod, Nashville, Tenn., on brief, for W. F. Holt and Sons.

Maclin P. Davis, Jr., Nashville, Tenn., William E. Martin, Waller, Lansden,

Dortch & Davis, Nashville, Tenn., on brief, for Ford Motor Co.

William J. Harbison, Nashville, Tenn., Trabue, Minick, Sturdivant & Harbison, Nashville, Tenn., on brief, for Bristol Steel and Iron Works, Inc.

Before CELEBREZZE, PECK and MILLER, Circuit Judges.

PER CURIAM.

W. F. Holt & Sons, Inc. (general contractor) contracted with Ford Motor Company (owner) to erect at the owner's glass plant in Nashville, Tennessee, additions to certain existing structures. The contract contained indemnity clause 31 [1] providing that the general contractor shall relieve the owner "from liability for all loss and/or expense and/or damage and/or claims resulting from bodily injury . . . sustained by any person or persons . . . arising out of, or in connection with the performance of any work called for by this Contract . . .."

Holt, as the general contractor, subcontracted the structural steel work called for by the contract to Bristol Steel and Iron Works, Inc. As pointed out by the district judge, all parties conceded that the subcontract contained the same indemnification obligations on the part of Bristol Steel to Holt as those assumed in the general contract by Holt to Ford.

In performing the work under the subcontract an employee of Bristol Steel sustained personal injuries and in consequence instituted an action against Ford for recovery, alleging that the injuries were caused by Ford's negligence. During the pendency of this suit the owner undertook to "vouch in" the general contractor under the indemnification agreement. The general contractor refused to take any part in the defense of the action. Thereafter, the owner effected a settlement of the claim of the Bristol Steel employee for the sum of $25,000 and obtained a general release. In defending the action, Ford incurred expenses in the amount of $1,031.90.

The present action was instituted in the court below upon diversity grounds by Ford against Holt for indemnity under the indemnification agreement for the amount paid in settlement of the personal injury claim and the expenses incurred incident to the defense of the action. In turn Holt brought Bristol Steel into the action as a third-party defendant seeking to recover indemnity from it under its indemnification agreement in the event it should be cast in the action instituted by Ford.

The district court held in its memorandum opinion, 335 F.Supp. 775 that the Bristol Steel employee was guilty of contributory negligence which proximately contributed to the accident and

[1] The indemnity clause 31 reads as follows:

"The Contractor shall be exclusively responsible for, shall bear, and shall relieve the Owner from liability for all loss and/or expense and/or damage and/or claims resulting from bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, and/or on account of damage to or destruction of property, including that of the Owner, and/or on account of loss of use of such property (except as otherwise specifically provided in the section hereof entitled 'Owner's and Contractor's Responsibilities—Fire and Certain Other Risks'), arising out of, or in connection with the performance of any work called for by this Con-

tract, including all work assigned to the Contractor under this Contract, whether such loss, expense, damage and/or claims be caused by or result, in whole or in part, from the negligence or other conduct of the Contractor, any Subcontractor and/or the Owner, or any of the employees, agents or servants of any of them, or any other person or persons whatsoever, except the Owner, or any other person or persons whatsoever, except that, anything to the contrary notwithstanding contained herein, the Contractor shall neither be responsible nor relieve the Owner from liability for the willful misconduct or the sole negligence of the Owner or any of its employees, agents or servants."

consequently that there was no legal liability on the part of Ford to the employee.[2]

Nevertheless construing the indemnification agreement between Ford and Holt as one which protected Ford not only against liability but also against any "claims," he reached the conclusion that Ford had the right to "vouch in" Holt and that Holt was liable to Ford because it failed after demand to take over or to participate in the defense of the action of the employee against Ford. The court further held that the settlement effected by Ford was a reasonable one made in good faith and that it was not within the contemplation of the indemnification clause "that the owner must defend all claims to a legal conclusion at its risk." We must disagree with the district court's interpretation of the indemnification agreement. As we construe the language of the agreement between Ford and Holt, the obligation which Holt undertook was not one to assume responsibility for any "claims" which might be filed against Ford, but only to relieve Ford from "liability" for claims arising from the work performed under the contract either by the general contractor or by any subcontractor. The general rule is that under a contract of indemnity against liability as distinguished from indemnity against loss or damage, "the indemnitee must allege and prove that the judgment could not have been avoided, and it is not enough to allege and prove that the injured person obtained judgment against the indemnitee." 41 Am.Jur.2d p. 722,

Sec. 31. As otherwise stated, "a mere claim or demand against an indemnitee when no legal liability exists does not give rise to a right to indemnity under an agreement to indemnify against liability in the sense of accrued liability." Ibid. p. 722. See also 42 C.J.S. Indemnity, § 25, p. 603. We are satisfied that Tennessee would follow this well-established general rule. Cf. Finley v. United States Casualty Co. et al., 113 Tenn. 592, 83 S.W. 2.

In this case, as pointed out, the district judge expressly found that the Bristol Steel employee was guilty of such proximate contributory negligence as would bar his recovery, with the consequence that although Ford saw fit to settle the claim it was not actually legally liable to do so. This finding of the district judge is amply supported by the record.

As there was no legal liability against Ford and as the indemnity agreement was one indemnifying against *liability* for claims or damage only, it follows that the district judge was in error in his holding that Ford was entitled to judgment against Holt by merely making demand upon it and undertaking to "vouch" it in. It is a necessary corollary that Holt was not entitled to recover against Bristol Steel as a third-party defendant.

The judgment of the district court insofar as it grants a recovery in favor of Ford against Holt, including the costs of action must be reversed. In all other respects the judgment below is affirmed.

---

2. That this was the finding of the district court conclusively appears from its memorandum:

> "From the evidence, after taking into consideration the intelligence, frankness, demeanor and attitude of the witnesses, it is clear that the injured employee, Elizer, was guilty of negligence which proximately contributed to the accident."

Later in its memorandum the court stated:

> "As it has been held by this court that the employee was guilty of negligence which proximately contributed to the accident, and would have served to bar Mr. Elizer's recovery in the original cause, the general contractor, as indemnitee, has failed to sustain his burden of proof regarding his legal liability in the original action."