**SEARS, ROEBUCK AND CO.**

v.

**W. H. STREY, d/b/a W. H. Strey Electric Company and Glens Falls Insurance Company.**

**Civ. No. 3–80–425.**

United States District Court,
E. D. Tennessee, N. D.

Jan. 21, 1981.

Norman H. Williams, Knoxville, Tenn., for Sears, Roebuck and Co.

Robert B. Ray, Knoxville, Tenn., for Glen Falls Ins. Co.

Lewis Combs and Rufus Beamer, Knoxville, Tenn., for W. H. Strey.

## MEMORANDUM OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, District Judge.

This is an action for the recovery of payment by Sears, Roebuck and Company (Sears) of a judgment taken against it in the Circuit Court for Roane County allegedly as a consequence of electrical work done by the defendant W. H. Strey, d/b/a W. H. Strey Electric Company (Strey). Roger Barnes and Rita Barnes, who were plaintiffs in the Roane County action, alleged faulty and negligent installation of an electrical furnace which destroyed their mobile home by fire. The judgment for property damage only was entered against Sears after trial by jury. Strey was not a party to the Roane County proceeding.

Sears claims that it is entitled to indemnity from Strey by virtue of the indemnity clause contained in the Contract for Installation Services. (Ex. 6). Paragraph 12 of that contract provides:

"Contractor, when applicable, further agrees to protect, defend, hold harmless and indemnify Sears and all agents and employees of Sears from and against any and all claims, demands, actions, liabilities, losses and expenses allegedly or actually suffered by any person (including, but not limited to, injury to or death of persons or damage to property) arising .out of or in any way related to (either allegedly or actually) the work, services or activities of Contractor, or any subcontractors, officers, employees or agents of Contractor in connection with any installation, job or work under this Contract, or while proceeding to or from the site of any such installation, job or work."

Strey denies liability primarily on two grounds. First, he says that the Barnes' fire was proximately caused by the negligence of Sears' own repairman who changed the thermostat on the furnace some two to three months after Strey had completed the installation of the furnace. We find from the evidence that the fire was caused by improper insulation of the aluminum wiring connected to the furnace at its termination at the panel box. The wire had been installed by Strey, and the cause of the fire was a result of Strey's work.

Secondly, Strey argues, in effect, that it was not notified of the State court action, and that therefore Sears has waived

any claim to indemnity. The evidence shows, however, that Strey testified in that proceeding and was informed of it as much as one month before trial. In any event, lack of notice to Strey, as indemnitor, of the pending action does not prevent an action by Sears, as indemnitee, for indemnity. *Ford Motor Co. v. W. F. Holt & Sons, Inc.,* 335 F.Supp. 775, 779 (M.D.Tenn.1971), rev'd in part on other grounds 453 F.2d 116 (6th Cir.), cert. den. 405 U.S. 1067, 92 S.Ct. 1502, 31 L.Ed.2d 797 (1972).

We hold that Sears is entitled to judgment against Strey for indemnity in the amount of $33,865.00.

■ By cross-claim, Strey seeks judgment over against his insurance insurer, The Glens Falls Insurance Company (Glens Falls), on a policy concededly in effect at the time of both the installation of the furnace and the fire. (Ex. 7). The policy is one for Manufacturers' and Contractors' Liability Insurance (M&C), and covers, generally, "property damage to which this insurance applies, caused by an occurrence."[1] The Description of Hazards states, in typewritten print:

Electrical wiring within bldgs. including installation or repair of fixtures or appliances. (Ex. 7).

Glens Falls denies coverage on the basis on Exclusion (p) which provides:

This insurance does not apply ... (p) to ... property damage included within the completed operations hazard or the products hazard.

Its argument, in essence, is that because Strey had completed the installation of the furnace at the Barnes' home and had left the site, the property damage caused by the Barnes' fire is included within the "completed operations hazard"[2] and is not covered by the policy in question.

We hold that cross-claimant Strey is entitled to judgment over and against cross-defendant Glens Falls Insurance Company in the amount of $25,000.00.

Strey testified that when he entered into his contractual relationship with Sears, he approached his agent, Howard Patton at Three Rivers Agency, and told him of his new contract with Sears and that he needed "general liability coverage." Strey testified without contradiction that Patton knew that he was an electrical contractor, that Strey needed a certificate of insurance for Sears (see Ex. 8 & 9), and that Patton never pointed out any of the exclusions to Strey when the policy was issued. He assumed, and we think reasonably so, that the insurance for which he was paying premiums would cover any liability arising out of his work for Sears, and he stated he was genuinely surprised when he received the letter from Glens Falls denying coverage for the incident. (Ex. 10).

The Court is of the opinion that this case is controlled by the recent case of *Magnavox Co. of Tennessee v. Boles & Hite Const. Co.,* 585 S.W.2d 622 (Tenn.App.1979). In that case, the Court held, in a comprehen-

---

1. "Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended by the insured." (Ex. 7).

2. "Completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

sive opinion by Judge Franks, in a situation strikingly similar to the one before this Court, that the agent had a duty to ascertain the required coverage, and that he should have provided that coverage or seasonably called the possible exposure to the insured's attention. 585 S.W.2d at 627. The agent's omission in that case was held to be the responsibility of the insurance company. *Id.* Relying on *Henry v. Southern Fire & Cas. Co.*, 46 Tenn.App. 335, 330 S.W.2d 18 (1959), the court concluded that the insurance company was estopped to assert the exclusionary clause, and that since the loss in question was within the insuring clause of the contract (Ex. 7), the insurance company was liable.

Here, it is clear that but for Exclusion (p), the policy in question would have covered the loss at issue here. We find that it was Patton, and thus Glens Falls, rather than Strey who is chargeable with the failure to obtain the proper insurance. Accordingly, Glens Falls is estopped from asserting the exclusion, and is liable on the policy. *See, Henry,* supra at 365, 330 S.W.2d at 32; Vance, Insurance, 3d Ed., Anderson, Section 89 at p. 540.

For the foregoing reasons, it is ORDERED that judgment enter in favor of plaintiff Sears, Roebuck and Company against defendant W. H. Strey, d/b/a W. H. Strey Electric Company in the amount of $33,865.00. It is further ORDERED that judgment enter in favor of said W. H. Strey over and against cross-defendant Glens Falls Insurance Company in the amount of $25,000.00.

Order Accordingly.