**FELD TRUCK LEASING, DIVISION OF GELCO CORPORATION, for Itself and f.u.b. Home Insurance Company, Plaintiff, Appellant, Cross-Appellee,**

v.

**ABC TRANSNATIONAL TRANSPORT COMPANY, Defendant, Appellee, Cross-Appellant.** ·

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 22, 1984.

Permission to Appeal Denied by
Supreme Court Dec. 17, 1984.

Mimi Phillips White of The Winchester Law Firm, Memphis, for plaintiff, appellant, cross-appellee.

Timothy A. Ryan, III, Holt, Batchelor, Spicer, Ryan & Flynn, Memphis, for defendant, appellee, cross-appellant.

HIGHERS, Judge.

This dispute arises under an indemnity agreement between the parties.

Feld Truck Leasing (Feld), a division of the Gelco Corporation, leased a tractor trailer truck to ABC Transnational Transport, Inc. (ABC). As part of the contract, ABC agreed to "indemnify Feld and hold it harmless from any and all claims for injury to persons and damage to property and any and all expenses incurred in the defense of any such claims to the extent not paid by Customer's [ABC's] insurance carrier ..." On the day following the lease agreement,

the truck, driven by an ABC employee, caused an accident involving five other vehicles. Feld's insurer, Home Insurance Company (Home), on that day contacted all but one of the persons involved in the accident. The remaining party was contacted shortly thereafter. Home moved to settle quickly with the injured victims without regard to where liability would fall as between Feld and ABC. Home eventually issued checks totalling $27,361.60 to compensate the victims. These checks carried dates ranging from September 7, 1978 to December 10, 1979.

In the meantime, a disagreement had arisen between Feld and ABC as to the cause of the accident and the burden of liability. Representatives of both Feld and ABC met at the scene of the accident. ABC's driver apparently stated at that time that the brakes on the truck had failed. Feld immediately sent a mechanic to the scene of the accident to check the brakes, and the mechanic reported that there were no defects. Feld's representatives told ABC's representatives that ABC would have to handle the insurance, but ABC informed Feld that it did not have insurance to cover the accident, contrary to the terms of the agreement, and that it was ABC's policy to have the lessor (Feld) provide the insurance coverage.

William Knight, who handled the matter for Home, was advised of the status of the matter. He testified that under the terms of the lease, Home could have been responsible; and if the brakes had in fact failed, Home would definitely have been responsible. Not wishing to rely on the report of Feld's mechanic, Knight commissioned an underwriter's report. The report showed that the brakes had been in good operating condition. The report was made some thirty to forty-five days after the accident. By this time, Home had already issued settlement checks to some of the victims. Knight proceeded with the settlements because the truck prominently displayed Feld's name and it was felt that Feld would become the target defendant for the claims of injured victims.

Feld settled with the remaining victims. No suit was ever filed against ABC for damages arising from the accident. When Feld requested payment for the settlements and for damages to the truck, ABC refused to pay and Feld thereafter brought an action against ABC to collect pursuant to the agreement between the parties.

ABC presented no proof at trial, but relied solely upon the examination of witnesses for the plaintiff. ABC argued that there was no evidence of any defect in the brakes, that Feld was not liable for the accident, and that all payments made by Feld in settlement of claims were volunteered by Feld and not recoverable from ABC under the indemnity agreement. The trial court, sitting without a jury, found that Home was subrogated to Feld's rights against ABC, but "only to the extent of reasonable payment for Feld's obligations." The court awarded Feld $13,526.16 for damages to the tractor trailer, $5,700.00 in attorney's fees, and "[i]n view of the fact that Feld had little or no liability in the case" the court awarded Feld $9,120.53 or one-third of the settlement payments made by Home.

Both parties have appealed. Feld contends that the trial court should have awarded the full amount of the settlement payments, and ABC argues that it owes nothing to Feld for the amounts paid.

■ ABC maintains that Feld is not entitled to indemnity because the payments were voluntary in that Feld was not liable to the victims and therefore not required to make the settlements. Liability, often vicarious liability, is generally required in situations of implied indemnity. Here, however, indemnification arises expressly and by contract. Contracts of indemnity under which the indemnitee makes payments in good faith to a third party have been held sufficient to require restitution from the indemnitor. In *Massachusetts Bonding & Insurance Co. v. Gautieri*, 69 R.I. 70, 30 A.2d 848 (1943), and in *Fidelity & Dep. Co. of Maryland v. Bristol Steel*, 722 F.2d 1160 (4th Cir.1983), claims by indemnitees for restitution were upheld under agree-

ments which provided that the sureties had the right to reimbursement for payments made in good faith and under the belief that it was necessary or expedient to make such disbursements, whether or not such liability, necessity, or expediency existed. These cases dealt with particular contractual language which is not present here, but they do indicate that in certain circumstances there is a duty to reimburse the indemnitee even where liability does not exist or has not been established.

■ In the present case ABC elected under its contract to provide liability insurance to cover the truck. After the accident and after Feld began receiving calls from the accident victims, ABC's representatives stated in conversations with Feld that they did not have insurance to cover the accident and that they "thought that [Feld's] insurance should cover it." This evidence is not contradicted. It establishes the fact that ABC left the victims' claims to be handled by Feld and its insurer. As stated in 42 C.J.S. *Indemnity,* § 14(2):

[A] bond or contract of indemnity does not protect the indemnitee against loss through a payment which is entirely voluntary on his part, in the sense that there is no legal obligation on him to make it, *unless such payment is made with the knowledge and approval of the indemnitor.* (Emphasis added).

■ There is no indication that ABC acquiesced in Feld's handling of the claims because of belief that Feld was responsible for the accident, and there is nothing to suggest that ABC did not expect to be required to indemnify Feld simply because it agreed to Home's handling of the claims. Under one paragraph of the contract, Feld would have provided insurance coverage, and under a different paragraph (which was elected by ABC) ABC was required to provide liability coverage. Under either paragraph, however, ABC expressly agreed to "indemnify Feld and hold it harmless from any and all claims for injury to persons or damage to property ..." We do not believe that ABC can now be heard to say, after violating its contract to provide

insurance and allowing Feld's insurer to make settlement of all claims, that the indemnitee's payments were voluntary and therefore not recoverable.

It should be further noted that the indemnity agreement in this case is broader than that which often appears. Feld was not indemnified simply for "liability," but for "claims" for injury or damage. The distinction was discussed in *Ford Motor Company v. W.F. Holt & Sons, Inc.,* 453 F.2d 116 (6th Cir.1971). In that case, where the more limited language was used, the Court stated:

As we construe the language of the agreement between Ford and Holt, the obligation which Holt undertook was not one to assume responsibility for any "claims" which might be filed against Ford, but only to relieve Ford from "liability" for claims arising from the work performed under the contract either by the general contractor or by any subcontractor. The general rule is that under a contract of indemnity against liability as distinguished from indemnity against loss or damage, "the indemnitee must allege and prove that the judgment could not have been avoided, and it is not enough to allege and prove that the injured person obtained judgment against the indemnitee." 41 Am.Jur.2d p. 722, Sec. 31.

453 F.2d at 118.

Since ABC agreed to indemnify Feld "from any and all claims for injury to persons or damage to property," regardless of which insurance paragraph of the contract applied, and since the trial court expressly found that the settlements made by Home were reasonable, we reverse in part the judgment of the trial court and remand for entry of judgment for the entire sum paid in settlement of claims and for the fixing of attorney fees incident to this appeal. Costs are adjudged against ABC.

NEARN, P.J. (W.S.), and MATHERNE, Special Judge, concur.