946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The MURRAY OHIO MANUFACTURING COMPANY, Plaintiff-Appellee,
v.
SHIMANO AMERICAN CORPORATION, Defendant-Appellant.
 No. 90-5142.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1991.
 
 1
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 
 
 2
 BERNARD A. FRIEDMAN, District Judge.
 
 
 3
 Defendant Shimano American Corporation appeals from a summary judgment granted by the district court. We affirm.
 
 I.
 
 4
 This is an action on an indemnity contract. Defendant Shimano American Corp. ("Shimano") manufactures bicycle brakes. Shimano sells the brakes to plaintiff, The Murray Ohio Manufacturing Company ("Murray"), which incorporates the brakes, without changes, into the bicycles it manufactures. Murray then sells the bicycles to retailers, including Sears, Roebuck & Company ("Sears").
 
 
 5
 In December 1985, Susan and Howard Levy commenced a civil action in a Florida state court ("the Levy action"). The complaint in the Levy action alleged that in May 1984 Susan Levy was hit by a truck when the brakes failed on a bicycle she had rented while staying at a Florida resort. The Levys sued, among others, Murray, which manufactured the bicycle; and Sears, which bought the bicycle from Murray and resold it to the resort. The complaint in the Levy action asserted claims against Murray and Sears alleging negligent design, assembly, inspection and distribution of the bicycle brakes, as well as inadequate warnings of these "hazards and defects."
 
 
 6
 Murray was contractually obligated to defend and indemnify Sears, an obligation which Murray proceeded to undertake shortly after the Levy action was commenced. Murray's counsel, on behalf of Murray and Sears, demanded that Shimano defend and indemnify them pursuant to an agreement between Murray and Shimano. Shimano defended and indemnified Murray, but denied that it had any such obligation toward Sears. Consequently, Murray incurred costs defending and indemnifying Sears. The Levy action eventually was settled.
 
 
 7
 Murray commenced the instant breach of contract action against Shimano in the United States District Court for the Middle District of Tennessee. Murray alleged, and Shimano does not deny, that Murray incurred $81,506.16 in attorney fees in defending Sears in the Levy action, and paid $30,000 to settle the Levy action on Sears' behalf. Shimano has never contested the reasonableness of these attorney fees or the settlement figure. Murray seeks reimbursement of $111,506.16, as well as prejudgment interest and the costs and attorney fees incurred in the instant action.
 
 
 8
 At the conclusion of the hearing on the parties' cross motions for summary judgment, the district court granted Murray's motion, denied Shimano's motion, and awarded Murray $111,506.16 plus "your attorney fees for this motion for summary judgment and the costs incurred in prosecuting this lawsuit." The district court subsequently granted Murray's motion for prejudgment interest. This appeal followed.
 
 II.
 
 9
 Shimano argues that the district court erred in (1) ruling that Shimano must indemnify Murray for the costs Murray incurred in defending and indemnifying Sears, (2) awarding Murray prejudgment interest, and (3) awarding Murray the costs and attorney fees incurred in prosecuting the instant action.
 
 
 10
 Shimano is appealing the district court's grant of summary judgment for Murray.
 
 
 11
 The general standard an appellate court applies in reviewing a grant of summary judgment is the same as the district court employs initially under Federal Rule of Civil Procedure 56(c).
 
 
 12
 Hines v. Joy Mfg. Co., 850 F.2d 1146, 1149 (6th Cir.1988), citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2716 (1983). The parties agree that this case does not involve any disputed factual issues. When the facts are not disputed, an appellate court's role is to determine "whether the law was applied correctly." Federal Practice and Procedure § 2716, p. 654. See also City of Yonkers v. Otis Elevator Co., 844 F.2d 42, 45 (2nd Cir.1988); Ferguson v. Flying Tiger Line, Inc., 688 F.2d 1320, 1322 (9th Cir.1982).
 
 
 13
 In the present case the issue before the district court was whether Shimano was contractually obligated to indemnify Murray for the costs it incurred in defending and indemnifying its customer, Sears.
 
 
 14
 The parties agree that Shimano's obligations, if any, to Sears are defined by the purchase agreement which governed the sale of bicycle brakes by Shimano to Murray. The relevant portions of the agreement state:
 
 
 15
 7. INDEMNITY, PRODUCTS LIABILITY INSURANCE INFRINGEMENT.
 
 
 16
 (a) You shall hold and save us ... and our customers, harmless from loss and/or liability of any nature or kind arising out, or existing because, of the infringement or alleged infringement of any patent or any other right of any third person, for or on account of the manufacture, sale or use of any goods furnished hereunder ...
 
 
 17
 (b) You shall hold and save us ... and our customers, harmless from loss and/or liability of any nature or kind arising out, or existing because, of death or injury to person or damage to property by whomsoever suffered resulting from any alleged or claimed defect in such merchandise, whether latent or patent, including allegedly improper construction and design or from the failure of such merchandise to comply with specifications or with any express or implied warranties of or arising out of the alleged violation by such merchandise or in its manufacture or sale of any statute, ordinance, or other law administrative or executive order, rule or regulation.
 
 
 18
 (c) You shall maintain at your expense a policy or policies of product liability insurance with respect to all goods sold to us. Such insurance shall include "vendor coverage" and shall name The Murray Ohio Manufacturing Company as an additional insured and shall be written with such companies and contain such provisions as shall be satisfactory to us. Such policy or policies shall be in amounts of not less than $250,000 per person, per occurrence with a $500,000 aggregate per policy year for bodily injury liability and $100,000 per occurrence and $200,000 aggregate per policy year for property damage liability....
 
 
 19
 (d) These agreements and obligations shall not be affected by or limited in any way by our or our affiliated corporations extending express or implied warranty to our customers, except where the claim is based on an express warranty of fitness for a particular purpose made by us which extends beyond the scope of your express and implied warranties to us. In case any action, suit or proceeding shall at any time be brought or threatened against us, or any claim made because of any occurrence discussed above, you shall, if we so request, resist and defend such action, suit, proceeding, or claim at your sole expense and shall obtain reputable counsel for this purpose.
 
 
 20
 The parties agree that "you" refers to Shimano, and that "us" refers to Murray.
 
 A.
 
 21
 Shimano first argues that the district court erred in ruling that it must reimburse Murray for the attorney fees Murray incurred in defending Sears. Shimano notes that under paragraph (d), it was obligated to defend only Murray, not Murray's customers. Shimano is correct in its interpretation of its obligations under paragraph (d), which simply states that "In case any action ... shall ... be brought ... against us, ... you shall ... defend such action ..." Paragraph (d) does not say "against us or our customers." Thus, Shimano had no obligation to defend Sears.
 
 
 22
 Shimano argues that because it had no obligation to defend Sears, it cannot be required to pay the attorney fees Murray expended in defending Sears. Shimano's argument focuses only on paragraph (d) of its contract with Murray. Paragraph (b), however, requires Shimano to "hold and save us [Murray] ... and our customers, harmless from loss and/or liability of any nature or kind arising out, or existing because, of ... injury to person ... resulting from any alleged or claimed defect in such merchandise ..." (emphasis added). We agree with the district court that the attorney fees Murray incurred in defending Sears are a "loss ... arising out, or existing because, of ... injury to person ... resulting from" claimed defects in Shimano's brakes.
 
 Shimano cites authority for the rule that
 
 23
 In the absence of a statutory provision therefor, or contractual agreement between the parties, attorney fees incurred by a plaintiff in recovering a judgment for damages is not a proper element of damages and the allowance of such is contrary to the public policy of Tennessee.
 
 
 24
 Goings v. Aetna Casualty and Surety Co., 491 S.W.2d 847, 848 (Tenn.App.1972). Yet the instant case falls within one of the exceptions noted by the court in Goings because paragraph (b) is a "contractual agreement between the parties" pursuant to which Shimano agreed to indemnify Murray and its customers for "loss ... of any nature or kind."
 
 
 25
 We are satisfied that the district court properly applied Tennessee law in awarding Murray the attorney fees it incurred in defending Sears in the Levy action. In Harpeth Valley Utilities District v. Due, 465 S.W.2d 353 (Tenn.1971), the Tennessee Supreme Court specifically allowed an indemnitee to collect the attorney fees it incurred in defending an action where the indemnitor, in violation of an indemnity agreement, refused to defend the indemnitee. The court stated:
 
 
 26
 [U]nder the facts of the case and because of the neglect of the defendants to protect them from liability it became necessary for the complainants and their insurer to engage the services of attorneys to protect their interest in the damages suits that had been filed against them.
 
 
 27
 ....
 
 
 28
 The indemnity agreement on which the complainants rely[1] and which is the basis of their suit is broad enough to include the right to recover the attorneys' fees which the defendants' refusal to act made it necessary for the complainants to incur.
 
 
 29
 465 S.W.2d at 354-55. See also Pullman Standard v. Abex Corp., 693 S.W.2d 336 (Tenn.1985) (allowing the recovery of costs and attorney fees under an implied indemnity contract).
 
 
 30
 The district court did not err in ruling that the attorney fees Murray incurred in defending Sears are a "loss" attributable to the Levy complaint's allegations of defective brakes. We therefore affirm this portion of the summary judgment.
 
 B.
 
 31
 Shimano next argues that the district court erred in ruling that Shimano must indemnify Murray for the $30,000 it paid on Sears' behalf to settle the Levy action. Here Shimano does focus on paragraph (b), and makes essentially two closely related arguments: (1) Shimano should not have to pay because "the contract language does not state by clear and unequivocal language that Shimano must indemnify others for their own negligence"; and (2) Shimano should not have to pay because "no legal liability was established on the part of Shimano."
 
 
 32
 Shimano notes that the Levy complaint alleged Sears itself was negligent, and again cites authority for the proposition that an indemnity contract will not be construed to cover the indemnitee's own negligent acts unless such an intention is clear and unequivocal. Murray does not take issue with this rule, but argues that the rule has no application to this case. Murray is not suggesting that Shimano should be held accountable for Sears' own negligence; Murray argues that on the face of the complaint, the Levy plaintiffs asserted that Sears was negligent because of defective brakes. This is precisely the sort of alleged defect covered by the indemnity contract between Murray and Shimano.
 
 
 33
 It is clear from the face of paragraph (b) that Shimano's duty to indemnify Murray and its customers is not dependent upon a finding of "legal liability," as Shimano asserts.[2] Paragraph (b) obligates Shimano to pay for any "loss ... arising out ... of ... injury to person ... resulting from any alleged or claimed defect " in Shimano's brakes. Thus, even if the allegations in the Levy complaint are assumed to be false, and assuming further that Sears was negligent and Shimano was not, it is clear under paragraph (b) that Shimano must indemnify Murray and its customers for any "loss"--including attorney fees and the settlement paid on Sears' behalf--resulting from any allegations of defective brakes. Every substantive count of the Levy complaint in which Sears is mentioned clearly alleges that liability of Murray and Sears is based on the failure of defective brakes. While "failure to warn" allegations were made as well, the clear thrust of the complaint is that defendants are liable because the brakes were defective and failed.
 
 
 34
 Shimano also asserts that the payment by Murray to settle the case was "entirely voluntary" in the sense that no legal liability for the payment had been established. Citing Feld Truck Leasing v. ABC Transnational Transport Co., 681 S.W.2d 554 (Tenn.App.1984), Shimano argues that it cannot be required to reimburse Murray for voluntary payments.
 
 
 35
 For the reasons discussed above, we think that the contract in this case is broad enough to cover the $30,000 settlement as a "loss" attributable to the Levys allegations of defective brakes. Moreover, in Feld Truck Leasing the court held that the general rule regarding voluntary payments does not apply when an indemnitee makes payments in good faith. Shimano does not argue, and has presented no evidence to suggest, that the $30,000 paid by Murray on Sears' behalf was not paid in the good faith belief that "it was necessary or expedient to make such disbursements." Id., 681 S.W.2d at 555. Under the circumstances of this case, it was perfectly appropriate for the district court to rule that Shimano must reimburse Murray for the settlement it paid on Sears' behalf.
 
 C.
 
 36
 Shimano next argues that the district court erred in awarding Murray the attorney fees it incurred in prosecuting the instant action. The district court awarded costs and attorney fees because "[t]hat, too, is a loss arising out of this action, indirectly arising out of it but Shimano and its insurance carriers should have paid this a long time ago."
 
 
 37
 Shimano cites authority for the general rule that "[i]n the absence of a statutory provision therefor, or contractual agreement between the parties, attorney fees incurred by a plaintiff in recovering a judgment for damages is not a proper element of damages and the allowance of such is contrary to the public policy of Tennessee." Goings v. Aetna, 491 S.W.2d 847, 848 (Tenn.App.1972). See also Fifth Third Co. v. Mooreland Estates, 639 S.W.2d 292, 298 (Tenn.App.1982). While Shimano correctly notes that the contract between the parties in this case does not specifically allow plaintiff to recover its attorney fees for prosecuting this action, the contract does require Shimano to indemnify Murray for "loss ... of any nature or kind ..." Murray would not have incurred attorney fees in this case but for the allegations in the Levy complaint regarding defective brakes. The district judge did not err in ruling that these attorney's fees are a covered "loss."
 
 
 38
 In addition, Tennessee courts have held that attorney fees may be awarded on equitable grounds. See, e.g., Pullman Standard v. Abex Corp., 693 S.W.2d 336, 338 (Tenn.1985) (stating that attorney fees can be recovered if appropriate because of "a recognized ground of equity"); Owen v. Stanley, 739 S.W.2d 782, 788 (Tenn.App.1987). In the present case, it would be inequitable to require Murray to pay thousands of dollars in attorney fees to obtain the indemnification to which it was contractually entitled. Accordingly, we affirm the district court's grant of attorney fees.[3]
 
 D.
 
 39
 Finally, Shimano argues that the district court erred in awarding Murray prejudgment interest on the damages award. The district court granted Murray prejudgment interest in the full amount requested in its motion.
 
 
 40
 Prejudgment interest may be awarded pursuant to Tenn.Code Ann. § 47-14-123 (1979), which states:
 
 
 41
 Pre-judgment interest, i.e., interest as an element of, or in the nature of damages ... may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum....
 
 
 42
 An award of prejudgment interest is discretionary. See Agristor Leasing v. A.O. Smith, 869 F.2d 264, 269 (6th Cir.1989); B.F. Myers & Son v. Evans, 612 S.W.2d 912, 916 (Tenn.App.1980). An appellate court may not disturb an award of prejudgment interest "unless the record discloses a manifest and palpable abuse of discretion." Engert v. Peerless Ins. Co., 382 S.W.2d 541, 550 (Tenn.App.1964).
 
 
 43
 Shimano argues that prejudgment interest cannot be awarded unless the damages are liquidated. Shimano asserts that it did not know the precise amount of Murray's attorney fees until the complaint in this case was filed. Shimano also argues that prejudgment interest should not have been awarded on Murray's attorney fees, and that the entire award was improper because Murray did not ask for prejudgment interest in its complaint.
 
 
 44
 Shimano does not cite a single Tennessee case to support any of its arguments. There is no authority for the proposition that prejudgment interest can be awarded only when damages are liquidated.[4] Moreover, the Sixth Circuit has held specifically that "Tennessee law permits the awarding of prejudgment interest on unliquidated claims for economic losses." Agristor Leasing, 869 F.2d at 269, citing Coke v. United Transp. Union, 631 S.W.2d 142, 146 (Tenn.App.1982); Thayer v. Wright Co., 362 S.W.2d 805, 812 (Tenn.App.1961).
 
 
 45
 Nor does Shimano cite any authority from Tennessee to support its argument that "prejudgment interest should not be awarded on attorneys fees," or that Murray should have demanded prejudgment interest in its complaint. No such restrictions appear in the statute. To the contrary, § 47-14-123 gives the court broad discretion in awarding prejudgment interest up to the maximum rate of ten percent. In the present case, prejudgment interest was awarded at 7.66 percent. We affirm the district court's award of prejudgment interest.
 
 
 46
 AFFIRMED.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This agreement stated:
 Indemnity agreement: the Subcontractor covenants to indemni[f]y and save harmless and exonerate the Contractor and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the Subcontractor, its employees, agents or its subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of the Subcontractor, whether or not due in whole or in part to conditions, acts or omissions done or permitted by the Contractor or Owner.
 
 
 [465]
 S.W.2d at 354
 
 
 [2]
 Here it is important to note that Shimano agreed to indemnify Murray and its customers against "loss and/or liability." In Ford Motor Co. v. W.F. Holt & Sons, Inc., 453 F.2d 116, 118 (6th Cir.1971), the court noted the distinction between indemnifying against liability and indemnifying against loss:
 The general rule is that under a contract of indemnity against liability as distinguished from indemnity against loss or damage, "the indemnitee must allege and prove that the judgment could not have been avoided, and it is not enough to allege and prove that the injured person obtained judgment against the indemnitee." 41 Am.Jur.2d p. 722, Sec. 31.
 Thus, under a contract of indemnity against liability, the indemnitor's obligation is triggered only upon a showing that "the judgment could not have been avoided." No such showing is required under the present contract, which includes indemnity against "loss ... resulting from any alleged or claimed defect."
 
 
 [3]
 In its notice of appeal, Shimano states that it also appeals from the district court's grant of costs. Shimano has apparently abandoned this assignment of error, as the issue of costs is not addressed in Shimano's briefs. In any event, the district court properly awarded Murray its costs as a prevailing party. See Fed.R.Civ.P. 54(d)
 
 
 [4]
 The only case Shimano cites, Mann & Parker Lumber Co. v. Wel-Dri, 579 F.2d 973, 980 (6th Cir.1978), did state: "We are of the opinion that plaintiff's claim for damages was unliquidated, and that the District Court erred in allowing prejudgment interest." That case, however, involved interpretation of a performance guarantee, which provided for liquidated damages. 579 F.2d at 979. The contract at issue in the present case does not provide for liquidated damages