[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14308
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-01455-LSC


FELICIA D. THOMAS,
individually and on behalf of all
others similarly situated,

Plaintiff - Appellant
Cross Appellee,


versus


JAMES PAUL CLINTON,
STOKES & CLINTON PC,

Defendants - Appellees
Cross Appellants,


WILLIAM B. JACKSON, II,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(April 9, 2015)

Before MARCUS, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Felicia Thomas appeals the district court's grant of summary judgment in favor of Defendants James Paul Clinton, William Jackson, and Stokes & Clinton, P.C., based on Defendants' efforts to collect debt owed by Plaintiff to Defendants' client, Credit Services of Mobile, LLC ("Credit Services" or the "LLC").  Defendants cross-appeal the denial of Defendants' motion for attorneys' fees.  No reversible error has been shown; we affirm.

Credit Services was an Alabama limited liability company organized for the purpose of collecting and liquidating consumer debts.  In October 2007, in accordance with the terms of the LLC's Articles of Incorporation, the LLC dissolved due to the death of one of its members.

Following the LLC's dissolution Defendant Clinton, the sole remaining member of the LLC, began winding-up the LLC's business and affairs.  This included attempting to collect on judgments already entered in favor of Credit Services.

2

In July 2006 (before the LLC's dissolution), Credit Services obtained a default judgment against Plaintiff. Plaintiff does not dispute the validity of the default judgment order. In August 2012, Defendants -- in the name of Credit Services -- filed a writ of garnishment against Plaintiff seeking to collect the outstanding 2006 judgment plus interest. Defendants filed a second garnishment proceeding against Plaintiff in July 2013, seeking again to collect the still-outstanding 2006 judgment plus interest.

Plaintiff filed this putative class action against Defendants for alleged violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 ("FDCPA"). Briefly stated, Plaintiff contends that Defendants violated the FDCPA when they filed garnishment proceedings on behalf of an entity that had dissolved under Alabama law.[1] The district court granted Defendants' motion for summary judgment and denied Defendants' motion for attorneys' fees.

We review the district court's grant of summary judgment <u>de novo</u>, viewing the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. <u>Skop v. City of Atlanta</u>, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. <u>Id</u>.

---

[1] Thomas abandons expressly her claims, under 15 U.S.C. §§ 1692e(2)(A) and 1692f(1), that Defendants violated certain notice requirements of the FDCPA.

3

"In rendering a decision based on state substantive law, a federal court must decide the case the way it appears the state's highest court would." Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1290 (11th Cir. 2001) (quotations omitted). Where the state's highest court has not spoken to an issue, we look to decisions of the state's intermediate appellate courts unless we are "convinced by other persuasive data that the highest court of the state would decide otherwise." Mesa Air Group, Inc. v. Delta Air Lines, Inc., 573 F.3d 1124, 1131 n.8 (11th Cir. 2009).

In interpreting the meaning of a statute, the Alabama Supreme Court "looks to the plain meaning of the words as written by the legislature." See DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So. 2d 270, 275 (Ala. 1998). "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." Id. Alabama courts look beyond the language of a statute to determine legislative intent "only if there is no rational way to interpret the words as stated." Id.

Under Alabama law, a dissolved limited liability company may continue its existence after dissolution to engage in business that is "necessary or appropriate to wind up and liquidate its business and affairs." Ala. Code § 10A-5-7.04(a).

4

Alabama law provides expressly that a limited liability company's dissolution does not "[t]erminate or suspend a proceeding pending by or against the limited liability company on the effective date of dissolution." Id. § 10A-5-7.04(b)(2). Moreover, the person responsible for winding-up the limited liability company's business after dissolution is authorized to, among other things, "prosecute and defend actions and proceedings, whether civil, criminal, or administrative" and to "perform other necessary and appropriate acts." Id. § 10A-5-7.03(b).

Under this plain statutory language, Defendants were authorized, as part of their efforts to wind-up Credit Services's business, to file writs of garnishment against Plaintiff.[2] Credit Services obtained a valid default judgment against Plaintiff before its dissolution. That judicial proceeding remained pending against Plaintiff when the LLC dissolved. And the LLC's dissolution did not terminate or suspend automatically the proceeding. See Ala. Code § 10A-5-7.04(b)(2). Defendant Clinton -- as the remaining member of the LLC engaged in winding-up the LLC's business by and through the LLC's lawyers -- was authorized to continue prosecuting the pending proceeding against Plaintiff. See id. § 10A-5-7.03(b). Such authority encompassed the filing of ancillary garnishment

---

[2] Defendants were also authorized, as a matter of Alabama law, to recover post-judgment interest on the outstanding 2006 judgment against Plaintiff. See Ala. Code § 8-8-10 (providing that judgments shall bear interest); Birmingham Pain Ctr., Inc. v. Cosgrove, 896 So. 2d 538, 541 (Ala. Ct. App. 2004) ("Section 8-8-10 authorizes the payment of post-judgment interest" which "continues to accrue on any final judgment or any portion thereof that remains unsatisfied").

5

proceedings against Plaintiff to enforce the pre-existing judgment. See Rice v. State Farm Fire & Cas. Co., 628 So. 2d 582, 583 (Ala. 1993) ("A post-judgment garnishment proceeding 'is an ancillary proceeding seeking satisfaction of a prior judgment, and not an original civil suit.'").

Plaintiff contends, however, that Alabama law imposes a time limit on Defendants' ability to continue prosecuting the pending proceeding against her.[3] First, Plaintiff argues that a dissolved LLC must complete its winding-up procedures -- including the prosecution of pending claims -- within two years after dissolution. Nothing in the plain language of Alabama's statutes imposes a two-year cap. And Plaintiff's reliance on the state trial court decision (which the Alabama Supreme Court affirmed without opinion) and on the published concurrence by an Alabama Supreme Court justice in Berks v. Cade[4] is misplaced.[5] Berks v. Cade involved an entirely different issue about when a

---

[3] The parties do not dispute the applicability of Alabama's general statutes of limitation pertaining to the filing of garnishments or to the enforcement of final judgments. On appeal, we address only whether Alabama law imposes an additional "special" time limitation -- under Alabama's Business and Nonprofit Entities Code -- on the ability of a dissolved LLC to file writs of garnishment to enforce a final judgment against a third party.

[4] See Cade v. Berks, No. 01-CV-2008-903634 (Cir. Ct. Jefferson Cnty., Nov. 19, 2010); Berks v. Cade, No. 1110423, 2014 Ala. LEXIS 96 (Ala. June 27, 2014) (overruling the application for rehearing without opinion).

[5] Neither the state trial court decision nor Alabama Supreme Court's affirmance without opinion has binding precedential value. See Scrushy v. Tucker, 70 So. 3d 289, 309 (Ala. 2011) (state trial court decisions have no precedential value); Mesa Air Group, Inc., 573 F.3d at 1131 n.8

6

dissolved LLC may commence a new proceeding against a third party, and the cited opinions say nothing about when a dissolved LLC may prosecute proceedings that were pending at the time of dissolution.  In the light of (1) the absence of an express statutory time limit and (2) the plain statutory language providing that an LLC's dissolution does not terminate pending proceedings, we cannot infer that Alabama law imposes a rigid two-year cap on a dissolved LLC's ability to prosecute pending proceedings.

We also cannot infer that Alabama law requires a dissolved LLC to complete its winding-up procedures within a "reasonable" time after dissolution. Alabama law provides that the person winding-up a dissolved LLC may, among other things, "preserve the company business or property as a going concern for a reasonable time."  See Ala. Code § 10A-5-7.03(b) (emphasis added).  This phrase is separated clearly by semicolons from the other listed winding-up activities, including, in pertinent part, the phrase "prosecute and defend actions and proceedings" and the phrase "perform other necessary and appropriate acts."  See id.  Under the plain statutory language -- and contrary to Plaintiff's argument -- the

(this Court does not look to state trial court decisions to determine the law of a state); Ala. R. App. P. 53(d) ("An order of affirmance issued by the Supreme Court . . . by which a judgment or order is affirmed without a court opinion . . . shall have no precedential value").  Moreover, nothing suggests that a published single-justice concurrence to an Alabama Supreme Court order overruling -- without a court opinion -- an application for rehearing of a non-precedential decision would, itself, be imperative.  To the extent that these decisions constitute persuasive authority, however, they are distinguishable from the issue involved in this appeal.

7

term "for a reasonable time" modifies <u>only</u> the ability to maintain the LLC's business as a going concern and imposes no time limitation on the performance of the other listed winding-up activities.[6]

Because Defendants were authorized, as a matter of Alabama law, to file the pertinent writs of garnishment against Plaintiff in the name of Credit Services, we affirm the district court's grant of summary judgment.  Moreover, because Alabama law imposes no "reasonableness" limitation on the time a dissolved LLC has to prosecute pending actions, the district court was within the scope of its discretion in denying Plaintiff's Fed.R.Civ.P. 56(d) motion seeking discovery about the reasonableness of Defendants' delay in filing the writs of garnishment.

Nothing evidences that Plaintiff acted in bad faith in pursuing her claim against Defendants; the district court abused no discretion in denying Defendants' motion for attorneys' fees.

AFFIRMED.

---

[6] We are aware of the language in Ala. Code § 10A-1-9.12(a)(3), which provides that "As soon as reasonably practicable after a domestic entity is dissolved, the domestic entity shall: . . . perform any other act required to wind up its business and affairs."  This provision applies "to all entities formed under or governed by Chapters 2 to 11, inclusive, except to the extent, if any, that any provision of this chapter is inconsistent with <u>or as otherwise provided by</u> the provision of this title or other statutory or constitutional <u>provisions specifically applicable to the entity</u>."  Ala. Code § 10A-1-1.02(a) (emphasis added).  In concluding that Alabama law imposed no unreasonable-delay restrictions on garnishments in a case like this one, the district court discussed expressly only the language in section 10A-5-7.03.  We take this approach to mean that the district court concluded that the general provision in section 10A-1-9.12 (titled "Winding up procedures") was inapplicable because winding-up procedures specific to LLCs were "<u>otherwise provided</u>" by section 10A-5-7.03 (titled "Winding up").