

**FILED**

**February 23, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:21 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Norman Palmer | ) | Docket No. 2016-02-0026 |
| | ) | |
| v. | ) | State File No. 3024-2016 |
| | ) | |
| Paul Hardy, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Remanded - Filed February 23, 2017

---

In this interlocutory appeal, the employer challenges the trial court's denial of its motion to dismiss the employee's claim, asserting that, after denying benefits at an expedited hearing, it was error for the trial court to decline to dismiss the employee's claim pursuant to Tennessee Rule of Civil Procedure 12.02(6). Although the trial court considered matters outside the pleadings, it did not treat the motion as one for summary judgment as required by Rule 12.02(6). The error, however, was harmless, and we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Joseph W. Ballard, Atlanta, Georgia, for the employer-appellant, Paul Hardy

Norman Palmer, New Market, Tennessee, employee-appellee, pro se

#### Factual and Procedural Background

Norman Palmer ("Employee") alleges suffering an epileptic seizure and falling from a roof upon which he was working while employed by Paul Hardy ("Employer"), resulting in head and low back injuries. Employee has a history of seizures and advised Employer prior to being hired that he suffered from seizures. In an expedited hearing addressing Employee's request for temporary disability and medical benefits, he testified

1

that while installing flashing on a roof with a co-worker on October 21, 2015, he went to retrieve more flashing from the truck and remembered seeing the ladder that extended to the ground as he walked on the roof toward it.[1] The next thing he remembered was his co-worker assisting him as he lay on the ground. The ladder remained upright against the side of the house, and Employee had no memory of either falling from the roof or climbing down the ladder. His face was bleeding and he felt pain around his back and groin areas. The co-worker contacted Employer and was told to take Employee home as Employee had requested. Five days later, Employee sought medical treatment for head pain and headaches at a hospital emergency department. Upon his release from the emergency department he was advised to follow up with his primary care physician or a neurologist for a work release and evaluation. However, Employee did not seek additional medical care until January 7, 2016, when he returned to the hospital emergency department complaining of low back pain.

Soon thereafter, Employer denied the claim on the bases that there was "[n]o injury by accident in the course and scope of employment," and that Employee "has epilepsy and had a seizure not caused by job." Following Employee's filing of a petition for benefit determination, the filing of a dispute certification notice, and an expedited hearing, the trial court concluded Employee had not presented sufficient evidence to establish he was likely to prevail at a hearing on the merits as contemplated in Tennessee Code Annotated section 50-6-239(d)(1) (2016) and denied the requested benefits. The trial court observed that the alleged fall was unwitnessed, that Employee was unable to provide any proof that he actually fell from the roof, and that he was some distance from the ladder when his co-worker found him. Stating that Employee had not proven he fell from a height and that there are "any number of possible explanations as to how [Employee] came to be on the ground," the trial court indicated that it "will not presume one." The trial court concluded that one reasonable inference from the evidence presented was that Employee suffered a seizure after descending the ladder and while on level ground. It stated that a finding as to precisely how Employee came to be lying on the ground would be speculation and declined to "fill in the gaps of [Employee's] testimony."

Following the issuance of the trial court's order, Employer filed a motion to dismiss Employee's claim based on Tennessee Code Annotated section 50-6-239(d)(4) and/or Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2014). Employer asserted in its

---

[1] No transcript of the trial court proceedings was filed. Although Section 3.4 of the Appeals Board's Practices and Procedures requires that statements of the evidence be "joint," Employer filed a unilateral "Statement of Evidence" that the trial court "[found] to be accurate and [approved]." The record on appeal contains no information indicating Employee acquiesced in or objected to the "Statement of Evidence." Regardless, it is essentially a statement of the case identifying chronologically the documents filed in the trial court, the hearings conducted in the trial court, and the arguments advanced by Employer in the hearings. Accordingly, we have gleaned the underlying facts from the trial court's interlocutory orders, the technical record, and the exhibits offered into evidence at the expedited hearing.

2

motion that it was "forcing the Employee to address the evidentiary inadequacies that resulted in the adverse decision at the expedited hearing." It argued that "[u]nless Employee addresses the evidentiary inadequacies by either producing evidence that his injury arose primarily out of and in the course and scope of his employment, or articulates a clear intent and method to do so, this matter should be dismissed pursuant to the above-quoted rules."

Both the statute and the regulation upon which Employer relies authorize an employer to file a motion to dismiss an employee's claim in instances where a motion for temporary disability or medical benefits is denied on the basis that the claim is not compensable. In its order denying Employer's motion, the trial court explained that it did not deny Employee's request for benefits "on grounds of compensability," but "determined that [Employee] failed to come forward with sufficient evidence from which [it] could conclude he is likely to prevail at a hearing on the merits." The trial court found no basis to dismiss Employee's claim pursuant to either the statute or the regulation, stating that its expedited hearing order "[did] not prevent [Employee] from developing his proof and ultimately prevailing either at trial or at a subsequent Expedited Hearing."

The trial court further concluded that Employer's motion to dismiss was not presented as a motion for summary judgment "in accordance with Rule 56 of the Tennessee Rules of Civil Procedure," explaining that "[t]he only other potential basis for [Employer's] Motion to Dismiss is Rule 12.02 of the Tennessee Rules of Civil Procedure," and more specifically Rule 12.02(6), which provides for a dismissal for "failure to state a claim upon which relief can be granted." Tenn. R. Civ. P. 12.02(6). Noting that Employee "asserted he fell from a rooftop while working for [Employer]" and that Employee "filed the appropriate documents within the Bureau and the Court to assert that claim," the trial court concluded there was no basis to dismiss the case under Rule 12.02(6) and denied the motion. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

    (A)    Violate constitutional or statutory provisions;
    (B)    Exceed the statutory authority of the workers' compensation judge;
    (C)    Do not comply with lawful procedure;

(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). A trial court's resolution of a motion to dismiss for failure to state a claim is reviewed de novo with no presumption of correctness attached to the trial court's conclusions. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004).

## Analysis

Employer asserts that the trial court erred "in finding that the Expedited Hearing Order was not based on compensability," and in failing to require Employee to "come forward with some evidence to survive Employer's Motion to Dismiss." We find Employer's arguments to be unpersuasive.

Tennessee Code Annotated section 50-6-239(d)(4) provides that if a motion for temporary disability or medical benefits is denied on the basis that the claim is not compensable, "the workers' compensation judge may entertain an appropriate motion from the employer for dismissal of the claim." We have previously determined that a motion to dismiss a claim that relies on Tennessee Code Annotated section 50-6-239(d)(4) or Tenn. Comp. R. & Regs. 0800-02-21-.14(3) is not subject to "an alternate procedural or evidentiary rule . . . adopted by the administrator," but is subject to the Tennessee Rules of Civil Procedure. *See Syph v. Choice Food Group, Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016).[2]

In its position statement on appeal, Employer cites a trial court order as purported authority for its assertion that "the trial court erred in finding that the Expedited Hearing Order was not based on compensability." However, trial court orders are not binding authority on appeal. *See Kimbrough v. Union Planters Corp.*, 1985 Tenn. App. LEXIS 3049, at *18 (Tenn. Ct. App. July 31, 1985) (Nearn, J., dissenting) ("[T]he decision of Trial Judges, Federal or State, are not binding precedent on this Court. If they were, there would be no need of our existence."), *rev'd on other grounds sub nom. Kimbrough v. Union Planters Nat'l Bank*, 764 S.W.2d 203 (Tenn. 1989); *Thomas v. Clinton*, 607 F. App'x 903, 906 n.5 (11th Cir. 2015) ("[T]rial court decisions have no precedential

---

[2] Employer filed its motion to dismiss on November 17, 2016. Effective November 30, 2016, Tenn. Comp. R. & Regs. 0800-02-21-.14(3) was amended to provide that if the denial on the grounds of compensability is affirmed by the appeals board or if no appeal is taken, "the employer may file a motion for summary judgment . . . that meets the requirements of Rule 56 of the Tennessee Rules of Civil Procedure." The hearing on Employer's motion to dismiss was held subsequent to the effective date of the amendment to the rule.

4

value."); *Grubbs v. Thermo Fisher Sci.*, No. 13-183-DLB-CJS, 2014 U.S. Dist. LEXIS 56153, at *7 (E.D. Ky. Apr. 23, 2014) ("Trial court decisions can have an effect outside their originating case only under the doctrines of res judicata and collateral estoppel."). Moreover, the particular trial court order referenced by Employer, *Jones v. Trojan Labor of Nashville, LLC*, No. 2015-05-0427, 2016 TN Wrk. Comp. LEXIS 67 (Tenn. Ct. Workers' Comp. Claims Apr. 13, 2016), was vacated in light of *Syph.* Accordingly, Employer's reliance on *Jones* is misplaced.

Rule 12.02(6) provides for the dismissal of a claim for "failure to state a claim upon which relief can be granted." The Tennessee Supreme Court has explained that

> [a] Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action. In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (citations omitted) (internal quotation marks omitted). The rule further provides that "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Tenn. R. Civ. P. 12.02(6).

Here, the petition for benefit determination had a significant defect in that the form as filed in the trial court was missing key information due to a technical problem apparently caused by Employee's typing beyond the printable lines on the form itself. For example, the section of the form asking for a description of the injury states, "I was on the roof at the jobsite and went toward the ladder to g[. . . .]" The text abruptly stops at the end of the line on the form instead of continuing on the blank line below it. The record gives no indication why this defect in the petition was not discovered and addressed, and it is significant because a petition for benefit determination is the Bureau of Workers' Compensation's general equivalent of a complaint. *See Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117 & 2015-01-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *17 (Tenn. Workers' Comp. App. Bd. July 27, 2016). It necessarily follows that the trial court considered information in the record outside of the information

5

in the petition as the court concluded that Employee "asserted he fell from a rooftop while working for [Employer]" and that Employee "filed the appropriate documentation with the Bureau and the Court to assert that claim."[3]

Having considered matters that were outside the pleadings, the trial court was required to treat Employer's motion as one for summary judgment in accordance with Rule 56, but failed to do so. The error was harmless, however, because Employer's motion did not comply with Rule 56, which requires, among other things, that such motions "shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." We also note that, although matters outside the pleadings were considered by the trial court, there is no indication in the record that the parties were given an "opportunity to present all material made pertinent to such a motion by Rule 56" as Rule 12.02(6) requires. However, Employer has made no argument on appeal raising that issue and, therefore, we decline to address it.

**Conclusion**

For the foregoing reasons, we hold that the trial court, having considered matters outside the pleadings, should have treated Employer's motion to dismiss as one for summary judgment. The error, however, was harmless because the motion did not comply with Rule 56. Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

---

[3] As noted, the trial court previously held an expedited hearing and heard and considered the testimony of Employee and considered four exhibits that were admitted into evidence, including the affidavit of Employee and the medical records concerning the care Employee received during two visits to the hospital emergency room. Employee's affidavit alleged he was "going toward the ladder to get more step flashing from the truck and woke up on the ground." It alleged Employee "never went down the ladder to the ground," but "fell off the roof during [his] seizure." Consistent with Employee's allegations, the medical records in evidence state that Employee "was on the roof at work when he fell while having a seizure."

**FILED**

**February 23, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:21 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Norman Palmer | ) | Docket No.    2016-02-0026 |
| | ) | |
| v. | ) | State File No.  3024-2016 |
| | ) | |
| Paul Hardy, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Norman Palmer | | | | | X | housework_1967@yahoo.com |
| Joseph Ballard | | | | | X | joseph.ballard@thehartford.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov